867 So.2d 715 (2003)
MOTOROLA, INC.
v.
ASSOCIATED INDEMNITY CORPORATION, Continental Casualty Company, National Surety Company, Transportation Insurance Company, Zurich American Insurance Company, Harbor Insurance Company, Hartford Accidental & Indemnity Co., Illinois National Insurance Company, National Union Fire Insurance Company, and St. Paul Surplus Lines Insurance Company.
No. 2002 CA 0716.
Court of Appeal of Louisiana, First Circuit.
April 30, 2003.
S. Gene Fendler, Harold J. Flanagan, New Orleans, J.W. Montgomery, III, Pittsburgh, PA, Counsel for Plaintiff/Appellant Motorola, Inc.
Philip R. King, Chicago, IL, David P. Salley, New Orleans, Counsel for Defendant/Appellee Zurich American Insurance Company.
*716 Robert A. Vosbein, William J. Kelly, III, New Orleans, Counsel for Defendant/Appellee Continental Casualty Company.
Michael Durand, Lafayette, Counsel for Defendants/Appellees Associated Indemnity Corporation and National Surety Corporation.
Edward A. Rodrigue, Jr., New Orleans, Counsel for Defendant/Appellee St. Paul Surplus Lines Insurance Company.
Eavelyn T. Brooks, New Orleans, Counsel for Defendant/Appellee National Union Fire Insurance Company of Pittsburg Pennsylvania and Illinois National Insurance Company.
Before: CARTER, C.J., FOIL, WHIPPLE, PARRO, FITZSIMMONS, KUHN, GUIDRY, PETTIGREW, DOWNING, GAIDRY, McDONALD, & McCLENDON, JJ.
GAIDRY, J.
This is an appeal of a summary judgment rendered in a declaratory judgment action, relating to the issues of an insurance company's coverage and duty to defend its insured in various class action lawsuits. The trial court denied the motion for summary judgment of the plaintiff-appellant, Motorola, Inc. (Motorola), but granted the motion for summary judgment of the defendant-appellee, Zurich American Insurance Company (Zurich).[1] Motorola appeals the summary judgment dismissing its claims against Zurich. Because of the importance of consistency in the application of La. C.C.P. art.1915 in determining the appealability of partial judgments, and with the consent of the parties, we review this issue en banc prior to rendition of judgment on the merits by the original panel to which this appeal was assigned.

FACTUAL AND PROCEDURAL BACKGROUND
Motorola is a manufacturer of cellular wireless handheld telephones ("cell phones"). It was named as a defendant in a number of class action lawsuits (the "Underlying Actions") seeking recovery of sums of money allegedly owed by Motorola and numerous other cell phone manufacturers and distributors to alleviate customers' allegedly harmful exposure to radio frequency radiation.[2]
Motorola filed this action for declaratory judgment and breach of contract against ten of its primary and excess liability insurers, seeking a determination that their policies provide coverage for the claims in the Underlying Actions, that they have the duty to defend Motorola for those claims, and that they are liable for damages to Motorola for their failure to defend it in the Underlying Actions. Zurich issued *717 a comprehensive general liability (CGL) policy to Motorola, in effect from July 1, 1985, to July 1, 1987. In addition to denying liability in its answer, Zurich asserted a reconventional demand for declaratory judgment "that it has no obligation to either defend and/or [sic] indemnify Motorola."
The trial court granted summary judgment in favor of Zurich, and denied Motorola's motion on the same issues. The summary judgment dismisses Zurich as a party defendant in this declaratory judgment action.

DISCUSSION
Appellate courts have the duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. McGehee v. City/Parish of East Baton Rouge, XXXX-XXXX, p. 3 (La.App. 1st Cir.9/12/01), 809 So.2d 258, 260. A final judgment of the trial court can be appealed. La. C.C.P. art.2083. A judgment that determines the merits in whole or in part is a final judgment. La. C.C.P. art. 1841. Whether a partial final judgment is appealable is determined by examining the requirements of La. C.C.P. art.1915. It is appropriate for us to examine the basis for our jurisdiction before addressing the merits of this appeal.
The judgment before us is a summary judgment rendered in an action for declaratory judgment. Louisiana Code of Civil Procedure article 1871 provides that a declaratory judgment "shall have the force and effect of a final judgment or decree." Louisiana Code of Civil Procedure article 1877 further provides that declaratory judgments "may be reviewed as other orders, judgments, and decrees." Accordingly, the character of this action as one seeking declaratory judgment does not prevent appellate review of a partial final judgment rendered by the trial court.
Louisiana Code of Civil Procedure article 1915 authorizes the immediate appeal of partial final judgments, including partial summary judgments. It provides, in pertinent part:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.

* * *
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).[3]

* * *
B. (1) When a court renders a partial judgment or partial summary judgment *718 or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties. (Our emphasis.)
The portion of the judgment presented for our review is that granting Zurich's motion for summary judgment, not that portion denying Motorola's motion. Motorola does not seek to appeal the denial of its motion. In its judgment, the trial court certified the partial summary judgment in favor of Zurich as a partial final judgment pursuant to La. C.C.P. art. 1915(B), since it addressed only the merits of the issues between Motorola and Zurich.
Despite the complex basis of the Underlying Actions and the numerous parties involved therein, the present action seeks only the determination of the obligations of the insurers of only one defendant manufacturer involved in those actions. The judgment at issue is even narrower: it grants summary judgment in favor of Zurich specifically "on its Reconventional Demand, as supplemented and amended," declaring that Zurich has no duty under its policies to defend, indemnify, or reimburse Motorola or any vendors or other parties to whom Motorola may owe indemnity for the claims or defense of the Underlying Actions. It resolves the merits of all issues between Motorola and Zurich presented in the context of the declaratory judgment action.
The judgment "[g]rants a motion for summary judgment," as provided in article 1915(A)(3), as to "all of the claims, demands, issues, or theories ... in [a] reconventional demand."[4] It grants Zurich all of the relief sought in its reconventional demand, and dismisses all claims by Motorola against it in the principal demand with prejudice.[5] Arguably, however, this might be viewed as a partial judgment under article 1915(B)(2) as to the principal demand, being a judgment as to less than all parties and all claims. The jurisprudence since the effective date of the 1999 amendment is inconsistent in its interpretation of those partial judgments of dismissal governed by article 1915(A), *719 as opposed to article 1915(B).[6] For the following reasons, however, we conclude that the judgment is immediately appealable by virtue of its status as a final judgment under article 1915(A), without any need for an express determination of the propriety of immediate appeal and a designation ("certification") under article 1915(B).
The divergent interpretations of the necessity of certification of partial judgments alone demonstrate the ambiguity of article 1915's language. Under the general rules of statutory construction where such ambiguity exists, courts begin their review with the premise that legislation is the solemn expression of legislative will, and, therefore, the interpretation of the law involves, primarily, the search for the legislature's intent. See Cole-Miers Post 3619 V.F.W. of DeRidder v. State, Department of Revenue & Taxation, 99-2215, p. 3 (La.1/19/00), 765 So.2d 312, 314. See also La. C.C. arts. 2, 10.
The present version of La. C.C.P. art. 1915, as amended by Acts 1999, No. 1263, § 1, became effective as to all actions filed on or after January 1, 2000.[7] Prior to that effective date, article 1915(B)(1) provided that its certification requirement applied to any partial judgment "as to one or more but less than all of the claims, demands, issues, theories, or parties." The official Comment relating to the 1999 amendments states that the purpose of the change was "to eliminate confusion with Article 1915(A) by the elimination of `parties' from (B)(1)." La. C.C.P. art.1915, Comment 1999. Thus, it would seem that a judgment adjudicating all claims relating to "one or more but less than all of the ... parties" would henceforth be governed by article 1915(A).
That the above-described result is what the legislature intended is confirmed by examination of the pertinent legislative history. Intent expressed at the appropriate legislative committee meetings is an aid to the courts in determining the true legislative intent and purpose behind the law. Bridges v. Smith, 01-2166, p.5 (La. App. 1st Cir.9/27/02), 832 So.2d 307, 311. House Bill No. 780, which, as amended, was enacted as Acts 1999, No. 1263, § 1, was proposed by the Louisiana State Law Institute, pursuant to its statutory duty "[t]o consider needed improvements in both substantive and adjective law and to make recommendations concerning the same to the legislature." La. R.S. 24:204(A)(1). Among the extensive recommendations made were the elimination of the word "parties" from La. C.C.P. art. 1915(B)(1) and exclusion of summary judgments rendered pursuant to La. C.C.P. art. 966(E) from article 1915(A)(3). The minutes of the House Committee on Civil Law and Procedure relating to House Bill No. 780 are particularly revealing:
Professor [Howard W.] L'Enfant [of the Louisiana State University Law Center] ... explained the changes to Article 1911, which would clarify the appealability of final judgments and partial final judgments and specify that (1) a partial judgment pursuant to C.C.P. Art. 1915(A), other than a partial summary judgment, is appealable without more, and (2) a partial judgment under C.C.P. Art.1915(B), and a partial summary judgment, are appealable only if designated by the court.

*720 Professor L'Enfant continued with the changes to Article 1915 which would clarify the confusion that presently exists. Article 1915(A) specifies those partial final judgments that are appealable and Article 1915(B) describes other partial judgments which may or may not be final appealable judgments, depending on whether so designated by the trial court. He stated that the problem with the way Article 1915(B) is written is an overlap with respect to Article 1915(A). Article 1915(A) provides that if a final judgment dismisses a party, it is an appealable judgment, but Article 1915(B)(1) provides that, when a court renders a partial judgment or a partial summary judgment as to one or more but less than all of the parties, then it is not a final judgment unless specified as such by the court. Therefore, a judgment that dismisses a party must designate whether it would be appealable under (A)(1) or it was not appealable under (B)(1). Professor L'Enfant stated that the bill would strike "or parties" from (B)(1) and return the law as it was before the adoption of (B)(1), which was that whenever a judgment dismisses a party, that judgment is a partial final judgment and would be appealable.

* * *
Representative McMains [co-author of Bill No. 780 and committee chairman] explained that the net effect of the changes to Article 1915 would be that a partial final judgment would unquestionably exist whenever a party were [sic] dismissed, but as to a partial summary judgment that dismissed an issue or cause of action, the court would be required to certify that it was indeed a partial final judgment.
* * *
Professor L'Enfant agreed with Representative McMains' statement, that the courts of appeal have taken very seriously the language in Article 1915(B)(1) and have said that, without reasons from the trial court stating why an appealable partial judgment should exist, the appeal courts are prepared to dismiss the appeal as inappropriate. Therefore, the language of the bill is reinforced by the opinions of the courts of appeal that have been rendered so far.[8] (Our emphasis.)
Commentators have expressed the view, consistent with the foregoing expressions of the legislative purpose, that the 1999 amendment to La. C.C.P. art.1915 served "the purpose of making a judgment dismissing one or more but not all of the parties immediately appealable under Article 1915A without the necessity of designation by the trial court as a final judgment under Article 1915B." 1 Frank L. Maraist and Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure § 14.3(1) (1999 ed., 2002 pocket part). See also Roger A. Stetter, Louisiana Civil Appellate Procedure, § 3.18 (2002 ed.). At this time, it would appear that the prevailing rule in the Second and Fourth Circuits is in accord with this interpretation, while the Third and Fifth Circuits have generally held that a judgment dismissing less than all the parties is controlled by article 1915(B)(1).[9]
*721 We hold that the summary judgment at issue is clearly a partial final judgment governed by the provisions of La. C.C.P. art. 1915(A)(1) and (A)(3), and that the trial court's designation or "certification" of the judgment as final for appeal was unnecessary. La. C.C.P. art.1911.[10] As the judgment dismisses one party from the principal demand and resolves all issues between the parties to Zurich's reconventional demand, it is a final judgment immediately appealable under both La. C.C.P. art. 1915(A)(1)and (A)(3) in the context of either demand.

DECREE
As we have determined this judgment is immediately appealable pursuant to La. C.C.P. art. 1915(A), we hereby maintain the appeal.
APPEAL MAINTAINED.
KUHN, J., dissents and assigns reasons.
KUHN, Judge, dissenting.
I disagree with the majority's conclusion that the grant of a partial summary judgment in favor of Zurich American Insurance Company and dismissing the insurer from this lawsuit is a final judgment under La. C.C.P. art. 1915A.
According to Louisiana Civil Code article 9, when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written. No further interpretation may be made in search of the intent of the legislature. See also La. R.S. 1:4 (when the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit).
The appropriate starting point for statutory interpretation then is the language of the statute itself. In re Louisiana Health Service and Indem. Co., 98-3034 (La.10/19/99), 749 So.2d 610; see also A.K. Durnin Chrysler-Plymouth, Inc. v. Jones, XXXX-XXXX (La.App. 1st Cir.5/10/02), 818 So.2d 867. And when a statute is clear, unambiguous, and its application does not lead to absurd consequences, there is no justification for considering comments to the enactment as persuasive sources or interpretive aids. Ramirez v. Fair Grounds Corp., 575 So.2d 811 (La.1991). It is only when the language of a statute is subject to more than one reasonable interpretation that the determination of the legislature's intent in enacting the provision becomes necessary. Louisiana Mun. Ass'n v. State, XXXX-XXXX (La.10/6/00), 773 So.2d 663.
Because La. C.C.P. art. 1915A(3) is clear, unambiguous, and its application does not lead to absurd consequences, all summary judgments rendered in accordance with La. C.C.P. art. 966E are not final judgments under La. C.C.P. art. 1915A and must be certified as set forth in La. C.C.P. art. 1915B.
According to the plain language of La. C.C.P. art. 1915A(3):
A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

*722 * * *
Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
Under La. C.C.P. art. 966E,
A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case. (Emphasis added.)
Thus, under the plain language of La. C.C.P. art. 1915A, a final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court grants a motion for summary judgment, as provided by Articles 966 through 969, but this does "not includ[e] a summary judgment granted pursuant to Article 966(E)" according to the unambiguous language of subsection (3). Subsection B instructs:
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties. (Emphasis added.)
In properly construing La. C.C.P. art. 1915, it is of no moment that the words "or parties" in subsection B(1) was deleted by Acts 1999, No. 1263, § 1 because no ambiguity exists in the plain language of the present version of the statute when read in its entirety. Subsection A(1) permits rendition of a final judgment when the court "[d]ismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors"; and subsection A(3) simply excludes from the category of final judgments, those summary judgments rendered under La. C.C.P. art. 966E.
The majority's holding has the effect of removing from the province of the trial court the management of its cases. Requiring certification by the trial judge who is familiar with the claims in the lawsuit is not an overly burdensome or dilatory measure. Such an approach does not mean that all insurers, for example, who are dismissed from a lawsuit by the trial court will be required to endure the entirety of the case until it can be released. A trial judge, who after a meaningful consideration expressly determines there is no just reason for delay, may well certify that the released party is in a posture to raise all potential claims that would relieve it from appearing in the lawsuit, i.e., entitled to an immediate appeal. The approach of requiring certification for all summary judgments rendered under La. C.C.P. art. 1915A(3) pursuant to Article 966E simply *723 places regulation of a lawsuit in the trial judge's hands.
Accordingly, I dissent.
NOTES
[1] The original and first amended petitions named "Zurich Insurance Company" as a defendant. Zurich American Insurance Company is the legal successor in interest to Zurich Insurance Company, U.S. Branch, and has answered those petitions in that name and capacity.
[2] The Underlying Actions include Naquin v. Nokia Mobile Phones, Inc. (originally filed in Civil District Court for the Parish of Orleans, State of Louisiana); Pinney v. Nokia, Inc. (originally filed in the Circuit Court for Baltimore City, State of Maryland); Farina v. Nokia, Inc. (originally filed in the Court of Common Pleas for Philadelphia County, State of Pennsylvania); Gillian v. Nokia, Inc. (originally filed in the Supreme Court of the State of New York, Bronx County); and Gimpelson v. Nokia, Inc. (originally filed in the Superior Court for Fulton County, State of Georgia). All of the Underlying Actions were removed to federal court and joined as one multi-district action in the United States District Court for the District of Maryland. On March 5, 2003, the Underlying Actions were dismissed, but as of this writing the appeal delay from the order of dismissal had not expired.
[3] Louisiana Code of Civil Procedure article 966(E) states, "A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case." As we interpret this language, the type of partial summary judgment rendered under article 966(E) to which article 1915(A)(3) refers is limited to that which does not dismiss a party from the action. Article 1915(A)(1) addresses the situation where a party is dismissed in a multiple-party action, whether by summary judgment or otherwise, while article 1915(A)(3) addresses the specific situation where summary judgment dismisses a party. Thus, a partial summary judgment dismissing one or more parties, but leaving some opposing parties in the proceeding, could fall under the ambit of both article 1915(A)(1) and article 1915(A)(3).
[4] Cf. La. C.C.P. art. 1915(B)(1), which governs partial judgments as to "less than all of the claims, demands, issues or theories" of a cause of action.
[5] Zurich's reconventional demand is compulsory under La. C.C.P. art. 1061(B), since the causes of action asserted "arise out of the transaction or occurrence that is the subject matter of the principal action." If Zurich had instituted the principal action instead of Motorola, the summary judgment in its favor would clearly be appealable as a final judgment under La. C.C.P. art. 1915(A), with no need for certification by the trial court under La. C.C.P. art. 1915(B). The fact that it was brought by Zurich in the capacity of plaintiff in reconvention does not logically warrant a different conclusion. See La. C.C.P. arts. 1036(B) and 1040.
[6] Cf. Brossett v. Progressive Insurance Company, 01-0986 (La.App. 3rd Cir.12/12/01), 801 So.2d 668, and Costello v. Hardy, 01-583 (La. App. 5th Cir.1/15/02), 807 So.2d 950, with Weeks, Kavanagh & Rendeiro v. Blake, 02-0964 (La.App. 4th Cir.8/14/02), 826 So.2d 577.
[7] This action was filed on August 11, 2000.
[8] Meeting of House Committee on Civil Law and Procedure, 1999 Regular Session, April 20, 1999 (La.1999)(statements of Prof. Howard W. L'Enfant, Jr., and Rep. F. Charles McMains, Jr., chairman).
[9] See Mayhorn v. McKinney, 34,789, p. 3 n.6 (La.App. 2nd Cir.6/20/01), 793 So.2d 225, 227-28 n. 6 (dictum as to interpretation of present language of La. C.C.P. art.1915); Grant v. Boh Brothers Construction Company, Inc., 00-1227, pp. 5-6 (La.App. 4th Cir.4/25/01), 785 So.2d 1041, 1044-45 (dictum; court erroneously applied present version of La. C.C.P. art.1915 to case filed before January 1, 2000); and cases cited in n. 5, supra.
[10] This article specifically provides that "[a]n appeal may be taken from a final judgment under Article 1915(A) without the judgment being ... designated [a final judgment under Article 1915(B)]."