11 KUHN, J.,
concurring.
The trial court “designated as final for purposes of [immediate] appeal under [La. C.C.P.] Article 1915” the judgment that the majority now reviews on appeal. Without discussion of the propriety of that designation, presumably because it falls within the ambit of Motorola, Inc. v. Associated Indent. Corp., 2002-0716 (La.App. 1st Cir.4/30/03), 867 So.2d 715 (.Motorola I), the majority reverses the judgment, which dismissed Halliburton and Palma from the lawsuit.
In Motorola I, this court held that a partial summary judgment granted pursuant to La. C.C.P. art. 966(E), which “resolves all issues between the parties,” is “governed by the provisions of La. C.C.P. art. 1915(A)(1) and (A)(3)” adding that “[a] trial court’s designation [of such a judgment] as final for appeal [is] unnecessary,” 2002-0716 at pp. 6, 10, 867 So.2d at 718, 721. Motorola I further meted out the perimeters of a correct application of La. C.C.P. art.1915 when a judgment that “ ‘grants a motion for summary judgment’ as provided in article 1915(A)(3) as to ‘all of the claims, demands, issues, or theories ...’ ” was compared with article 1915(B)(1) “which governs partial judgments as to ‘less than all of the claims, demands, issues or theories’ of a cause of action.” 2002-0716 at p. 7 n. 4, 867 So.2d at 718, n. 4. Therefore, pursuant to Motorola I, those partial summary judgments rendered in accordance with La. C.C.P. art. 966(E), which resolve all | ¿issues between the parties are final under article 1915(A)(3); and those partial summary judgments that resolve one or more but less than all of the claims, demands, issues, or theories are final only if the designation required in article 1915(B) has been undertaken by the trial court.
Motorola I provides no guidance and offers no instruction for appellate review in those instances where the trial court has, in fact, made a finality designation of a partial summary judgment, which resolves all issues between the parties. And Motorola I did not otherwise elaborate on the propriety of a trial court’s finality designation of a partial summary judgment, which resolves all issues between the parties. In this case, the judgment dismissing Halliburton and Palma from the lawsuit was a partial summary judgment granted pursuant to La. C.C.P. art. 966(E) that ostensibly resolved the merits of all issues between plaintiff and Halliburton and Pal-ma. Applying Motorola I, the judgment is governed by the provisions of La. C.C.P. art. 1915(A)(1) and (A)(3) and is, therefore, final. Nothing expressed in article 1915(A) specifies a procedure for review of the trial court’s designation of the partial summary judgment as immediately appeal-able. And, thus, lacking a procedural mechanism to do so, this court cannot review the propriety of trial court’s designation of finality of this partial summary judgment.
The majority’s reversal of the judgment dismissing Halliburton and Palma clearly shows the deficiency of the interpretation of article 1915 set out in Motorola I. Because the lawsuit did not halt with the dismissal of these two defendants, a trial *665 on the merits of plaintiffs claims proceeded against Pickering. Now, upon reversal of the dismissal of Halliburton and Palma, another lawsuit against these defendants must be conducted. This piecemeal litigation is an affront to the concept of judicial efficiency that Motorola I attempts to promote.
Under Motorola I, there is no procedure designed for appellate review of trial courts’ finality designations of those partial summary judgments rendered in |,.¡accordance with La. C.C.P. art. 966(E), which resolve all issues between the parties. This result seems ineongruent with the legislature’s express mandate requiring that trial courts designate all other partial judgments as final and reserving to the trial court the opportunity to revise its decision at any time prior to rendition of the judgment that adjudicates “all the claims and the rights and liabilities of all the parties.” See La. C.C.P. art. 1915(B)(2). Motorola I has removed from the trial court the opportunity to revisit its original conclusion that a party is entitled to be dismissed from a lawsuit after it has had the advantage of a trial on the merits that allows for a fuller appreciation of all the evidence. It appears that trial judges who wish to retain the right to revisit a dismissal of a party will perfunctorily deny the motion for summary judgment which is, of course, a decision not subject to appellate review. See La. C.C.P. art. 968.
This very situation is among the reasons for my dissenting position in Motorola I. In this case, the procedural conclusions in Motorola I have brought about the potential for three separate trials and three separate appeals. Those conclusions result in judicial inefficiency, something the state legislature surely did not intend. Thus, while I fully agree with the majority’s disposition on the merits, I feel impelled to concur.