WHIPPLE, C.J.
| sIn this appeal, plaintiff, Calvernia Reed, challenges the trial court’s ruling on a motion for partial summary judgment, dismissing her loss of consortium claim against the defendant, the State of Louisiana, through, the Department of Social Services, Office of Community Services, *154 now known as the Department of Children and.Family Services, (“the Department”). For the following reasons, we affirm the October 22, 2014 judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
This lawsuit arises out of an automobile accident that occurred on March 22, ,2006, involving Geneva Marie Fils, who was an infant at the time. Following Geneva’s birth on January 2, 2006, the Department instituted legal proceedings, resulting in the Department being granted the legal custody of Geneva. The Department then placed Geneva-in the foster care, of defendant, Mayóla Calais.
Thereafter, on March 22, 2006, Jennifer R. Hayes, with Calais’s permission; was operating Calais’s vehicle westbound on Louisiana Highway 724, with Calais- and Geneva as passengers in the vehicle, when a vehicle driven by Charles T. Guidry trav-elling eastbound on Louisiana Highway 724 allegedly crossed the centerline and struck the Calais vehicle head on. As a result of the collision, Geneva, who purportedly was improperly restrained in her car seat at the time, suffered serious personal injuries, including a fractured skull, an intracerebral hematoma, and a traumatic brain injury.[1]
On March 16, 2007, John Fils and Dem-itria Fils, Geneva’s biological parents, filed the instant suit for damages, individually and on behalf of Geneva, naming as defendants: Guidry and his alleged insurer, US-Agencies Casualty Insurance Company; Hayes; Calais and her insurer, -Allstate Insurance Company; |4and .the Department. Although -not named in the caption of the petition, Calvernia Reed, Geneva’s maternal aunt, was named as a plaintiff in the body of the petition, in her capacity, as “the current guardian of Geneva.” In the petition, plaintiffs sought damages on behalf of Geneva and also for their own loss of consortium. In February 2011, following the death of Demitria Fils and upon being granted legal and physical custody and judicially appointed as tutor of Geneva, Reed was substituted as the proper party plaintiff in these proceedings.[2] In September 2013, Reed filed a supplemental and amended petition for damages, amending the pétition in .pertinent part to state a claim for loss of consortium arising from the l.o'ss of the love, affection, and relationship with Geneva as a result of Geneva’s injuries.
During the pendency of these proceedings, the parties filed various motions for partial summary judgment, resulting in rulings and - judgments, which the trial court designated as final for purposes of immediate appeal, pursuant to LSA-C.C.P. art. 1915(B). Thereafter, the parties filed various appeals, which are addressed in the four related opinions handed down this date.[3] At issue in the present appeal is a ruling on the Department’s motion for partial summary judgment filed in May 2014, seeking a dismissal of Reed’s loss of consortium claim on the basis that út the time of the subject accident, Reed was not the parent or guardian of Geneva, and, therefore, she was not entitled to compensation *155 for any loss of consortium resulting from the injuries sustained by Geneva in the accident.
Following a hearing, the trial court signed a judgment on October 22, 2014, granting the Department’s motion for partial summary judgment and dismissing Reed’s claim for loss of consortium against the Department with prejudice. Finding that there was no just reason for delay, the trial court designated the | judgment as final pursuant to LSA-C.C.P. art. 1915(B). The instant appeal followed.
DESIGNATION OF JUDGMENT AS FINAL
Appellate courts have a duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. Motorola, Inc. v. Associated Indem. Corp., 2002-0716 (La.App. 1st Cir.4/30/03), 867 So.2d 715, 717. A partial summary judgment rendered pursuant to LSA-C.C.P. art. 966(E) may , be immediately appealed during ongoing litigation only if it has been properly designated as a final judgment by the trial court. LSA-C.C.P. art. 1915(B). Moreover, although the trial court may designate a partial summary judgment to be a final judgment under Article 1915(B), that designation is not determinative of this court’s jurisdiction. Van ex rel. White v. Davis, 2000-0206 (La.App. 1st Cir.2/16/01), 808 So.2d 478, 480.
When the trial court does not give reasons for certifying the judgment as immediately appealable, this court must make a de novo determination of whether the certification was proper, under the criteria set forth in R.J. Messinger, Inc. v. Rosenblum, 2004-1664 (La.3/2/05), 894 So.2d 1113, 1122. Pursuant to R.J. Mes-singer, this court considers: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the1 need for review might or might not be mooted by future developments in the trial court; (3) the possibility that the reviewing court may have to consider the same issue a second time; and (4) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. In designating a judgment as final, the overriding inquiry is whether there is no just reason for delay: R.J. Messinger, Inc., 894 So.2d at 1122-23.
Applying the Messinger factors to this case,- we note that the dismissal of Reed’s ■ loss of consortium claim is not merely a dismissal of one element of Reed’s | ^damage claim, but, instead, is the dismissal of a cause of action separate and distinct from .that of the primary victim, ie., Geneva.[4] Moreover, should we affirm the dismissal of the loss of consortium claim, there would be no need for further review and no possibility of this issue arising in a later appeal, as such ruling by this court would effectively terminate any claim by Reed in her individual capacity, on her own behalf. Last, if we affirm the dismissal of the loss of consortium claim,. this *156 would arguably shorten the length of the trial. Accordingly, we find that the trial court did not. err in designating the judgment, which dismissed Reed’s loss of consortium claim, as final. Thus, we will address the merits of the appeal.[5]
^SUMMARY JUDGMENT
Summary judgment shall be rendered if the pleadings, ■ depositions, answers to interrogatories, admissions, affidavits, if any, admitted for purposes of the motion for summary judgment, show, that there is no genuine issues of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B)(2). On a motion for summary judgment, the initial burden of proof is on the mover. If the moving party will not bear the burden of proof at trial, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, but rather to point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the nonmoving party must produce factual support sufficient to establish that he will be able to satisfy his evidentia-ry burden at trial. If the nonmoving party fails to make this requisite showing, there is no genuine issue of material fact, and summary judgment should be granted. LSAC.C.P. art. 966(C)(2).
A summary judgment is reviewed de novo on appeal, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant and using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Hines v. Garrett, 2004-0806 (La.6/25/04), 876 So.2d 764, 765. A motion for summary judgment is warranted only if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of. law. LSA-C.C.P. art. 966(C)(1). In ruling on a motion for summary judgment, a trial court’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts, should be resolved in the non-moving party’s favor. Hines, 876 So.2d at 765.
J^ANALYSIS
At the outset, we note that while Reed’s brief filed with this court states *157 that “[i]t is undisputed that Geneva Fils was adopted by Calvernia Reed, her maternal aunt[,]” there is-no record support for this statement. The record does not contain an adoption decree; rather, the document referenced in support of this statement is an order granting the voluntary transfer of legal and physical custody of Geneva to Reed and appointing Reed as tutor of the minor child’s property. Moreover, we note that this custody order was signed on August 26, 2009, three years after the subject accident. Accordingly, the issue to be . resolved in this appeal is whether an individual, who is not a biological parent of the child, but is appointed as the tutor and given custody of a minor child after the accident, has any claim or cause of action for loss of consortium as a result of the minor child’s injuries sustained in the accident.
Louisiana Civil Code article 2315(A) states, “Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.” The article further states that “[d]am-ages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who-would have had a cause of action for wrongful death of an injured person.” LSA-C.C. art. 2315(B). Thus, in déter-mining whether one can maintain an action for loss of consortium, we must look to the designated classes of beneficiaries in LSA-C.C. art. 2315.2, governing wrongful death actions, and the jurisprudence interpreting the designated classes of beneficiaries in that article. Leckelt v. Eunice Superette, 555 So.2d 11, 12-13 (La.App. 3rd Cir.1989), unit denied, 559 So.2d 141 (La.1990).
Louisiana Civil Code article 2315.2 sets forth the categories of persons to whom such a cause of action exists and states, in pertinent part:
|SA. If a person- dies due to the fault of another, ■ suit may be brought by the following persons to recover damages which they sustained as a result of the death: ■ , ■
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
I). As used in this Article, the words “child”,: “brother”, “sister”, “father”, “mother”, “grandfather”, and “grandmother” include a child, brother, sister, father, mother, grandfather, and grandmother by adoption, respectively.
■ It is well established that an action for wrongful death is purely statutory, existing in favor or certain classes of persons specifically designated; all who are not expressly included within the terms of the statute are held to-be excluded. Leckelt, 555 So.2d at 13. By extension, this same principle applies to a loss of consortium claim.
The terms “father” and “mother” are hot specifically defined in LSA-C.C. art. 2315.2. As such, Reed cites the definition of “parent” in Article 13 of the Louisiana Code of Juvenile Procedure in support of her argument that she.is the “parent” of Geneva entitled to bring a claim for loss of consortium. However, the cited article and the Louisiana Code' of Juvenile Procedure in its entirety were repealed by Acts 1991, No. 235, which enacted the Louisiana Children’s Code. Accordingly, the definition of “parent” in the former Louisiana Code of Juvenile Procedure no , longer exists or'applies. Rather, “[pjarent” is now defined in the Children’s Code as “ány living person who is presumed to be a parent under the Civil Code or a biological or adoptive mother or' father of a child.” LSA-Ch.C. art. 116(17). In sum, the current definition of “[pjarent” in the Chil *158 dren’s Code does not reference “a tutor” or an individual who has “custody” of the child, and Reed’s reliance on the former Article 13 of the Louisiana Code of Juvenile Procedure, which was repealed over twenty years ago, is misplaced. "Additionally, Reed has not provided, nor are we able to locate any statutory or jurisprudential authority to support a finding that an individual who is not a biological or adoptive parent, but | 1flwho is appointed as tutor and given custody of the child after the accident, can bring a wrongful death action for the loss of .the child, and by extension, a loss of consortium claim.[6]
Last, we reject Reed’s argument that the judgment should be reversed because “[she] may recover for the' time, she spent providing care and her corresponding loss of income as the recovery for this care is an award for Geneva [Fils].” (Emphasis added.) Recovery for gratuitously rendered medical services, ie., attendant care, is an element of the injured party’s recovery.[7] However, this claim is separate and apart from a cause of action for Reed’s loss of consortium.[8] The trial court dismissed only Reed’s asserted claim for loss of consortium and did not dismiss this element of damages claimed on behalf of the minor child. As the trial court has not yet determined the merits of this element of the damages claimed on behalf of the minor child, there is no ruling on such to address in this appeal.
CONCLUSION
For the above and foregoing reasons, the trial court’s October 22, 2014 judgment, granting the motion for partial summary judgment filed by the State of Louisiana, through the Department of Social Services, Office of Community Services, now known as the Department of Children and Family Services, as to jnCalvernia Reed’s claim for loss of consortium and dismissing this claim, with prejudice, is hereby affirmed. Costs of this appeal are assessed against appellant, Calvernia Reed.
AFFIRMED.

. Geneva was placed in the back seat of the car in a front-facing position, in a car seat without the component car seat base and with the shoulder strap of the seat belt positioned across the carrier. Following the accident, Calais was issued a citation for a child restraint violation. See LSA-R.S. 32:295.

. Thereafter, by order dated July 3, 2012, the trial court approved the creation of the "Geneva Marie Fils Trust” and made the Trust a plaintiff herein.

.. See 2015 CA 0360, 2015 CA 0887, and 2015 CA 0888.

. See Allemand v. Discovery Homes, Inc., 2009-1565 (La.App. 1st Cir.5/28/10), 38 So.3d 1183, 1187. ("The claim for loss of consortium is, beyond question, a cause of action separate from any claim of the primary victim.”)
Cf. Gray & Co., Inc. v. State ex rel. Dept. of Transp., Office of Highways, 2010-2325 (La. App. 1st Cir.6/10/11) (unpublished opinion). ("We believe that allowing an immediate appeal from a judgment deciding a single element of damages in a lawsuit where multiple elements of damages are sought, that are all based on the same wrongful conduct giving rise to the lawsuit, only encourages multiple appeals and piecemeal litigation, causing unnecessary delay in the resolution of the lawsuit.”)

. Moreover, we note that a designation of this judgment as final for purposes of an appeal, pursuant to LSA-C.C.P. art. 1915(B), arguably was not required for this court to have jurisdiction over the instant appeal. Louisiana Civil Code of. Procedure article 1915 authorizes the immediate appeal of partial final judgments, including some specified partial summary judgments, stating in pertinent part:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court: (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or interve-nors....
A judgment is immediately appealable by virtue of its status as a final judgment under article 1915(A), without any need for an express determination of the propriety of immediate appeal and a designation ("certification”).under article 1915(B). Motorola, Inc., 867 So.2d at 719. The judgment at issue herein dismissed the only cause of action that Reed was asserting on her individual behalf, as all other remaining causes of action were brought in her capacity as the tutor of the minor child, Geneva. Accordingly, the partial summary judgment was a dismissal of the suit as' to Reed in her individual capacity, which satisfies the requirements of article 1915(A) as a judgment of dismissal as to less than all the parties. Therefore, the judgment constitutes a final judgment for purposes of an immediate appeal, and the designation of the judgment as final was unnecessary.

.See Bertrand v. State Farm Fire & Cas. Co., 333 So.2d 322, 326 (La.App. 3rd Cir.), writ granted in part, denied in part, 337 So.2d 875 (La. 1976). (A final decree of adaption had not been granted to the plaintiffs at the time of the child’s death. Thus, the court found that the plaintiffs were not the mother and father-of the child “by adoption” within the meaning of LSAC.C. Art. 231.5 and they had no right of action for the child’s death.)
See also Roche v. Big Moose Oil Field Truck Service, 381 So.2d 396, 399 (La.1980). (Prospective adoptive children of the- decedent were not the “children” of the decedent “by adoption” within the meaning of article 2315. Although they may have been dependent on the decedent for support and affection, they were neither his biological nor his adoptive “children.” Therefore, they had no right of action under article 2315 for his death.)

. See Tanner v. Fireman's Fund Ins. Companies, 589 So.2d 507, 515 (La.App. 1st Cir. 1991), writs, denied. 590 So.2d 1207 (La. 1992). (“The fact that medical attention and nursing [services] have been rendered gratuitously will not preclude the injured party from recovering the value of such services.”) (Emphasis added.)

. While "services” is a compensable element of a loss of consortium claim, this is for the "loss of” the‘injured-party’s material services, not for services "rendered to” the injured party. See Stein on Personal Injury Damages, 3d ed„ § 2:7; Lemoine v. Mike Munna, L.L.C., 2013-2187 (La.App. 1st Cir.6/6/14), 148 So.3d 205, 214.