STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0852

GERALD J. ASAY

VERSUS

SAFECO INSURANCE COMPANY OF OREGON

Judgment Rendered:    APR 1 6 2021

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 640,143

Honorable Richard "Chip" Moore, Judge Presiding

* * * * * *

| | |
|---|---|
| Jacob B. Huddleston<br>Eric A. Kracht<br>Scott E. Frazier<br>Baton Rouge, LA | Counsel for Plaintiff/Appellant<br>Gerald J. Asay |
| H. Minor Pipes, III<br>Catherine Fornias Giarrusso<br>Patrick J. Lorio<br>New Orleans, LA | Counsel for Defendant/Appellee<br>Safeco Insurance Company of<br>Oregon |

* * * * * *

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

**McCLENDON, J.**

In this lawsuit for a declaratory judgment, the plaintiff appeals the trial court's judgment, which granted a partial summary judgment in favor of the defendant insurer and determined that there was no liability coverage under the plaintiff's insurance policies following an automobile accident. For the following reasons, we find that the trial court improperly certified the judgment as final, and we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

On October 24, 2014, Gerald Asay, an attorney, was involved in an automobile accident with his estranged wife, Paige, and her boyfriend, Robert Vial. Mr. Asay rear-ended the vehicle being driven by Mr. Vial while it was stopped at a red light. Paige was a passenger in the vehicle, and the Asays' three-year-old daughter was in the backseat. The accident also caused Mr. Vial's automobile to collide into the vehicle in front of it. The accident resulted in civil, criminal, and state bar disciplinary proceedings being instituted against Mr. Asay.[1]

On June 16, 2015, Mr. Asay filed a Petition for Declaratory Judgment naming Safeco Insurance Company of Oregon (Safeco) as defendant. In his petition, Mr. Asay alleged that he was the named insured under an automobile insurance policy issued by Safeco that provided coverage for liability on the part of Mr. Asay and coverage for damage to his vehicle. Mr. Asay asserted that he was driving at a high rate of speed in an effort to catch up to Mr. Vial's vehicle, which was stopped at a red light and that although he "braked heavily," the accident occurred. He further alleged that, after the accident, he made a claim with Safeco, who declined coverage based on the determinations that the loss arose out of a "criminal act" and an "intentional act" thereby excluding coverage. Mr. Asay averred that there has been no adjudication that he was guilty of either

---

[1] Although Mr. Asay was originally charged in the criminal proceedings with three counts of negligent injuring (LSA-R.S. 14:39), one count of aggravated criminal damage to property (LSA-R.S. 14:55), and two counts of aggravated battery (LSA-R.S. 14:34), he subsequently entered a plea of no contest to one count for the crime of negligent injuring. With regard to the disciplinary proceedings against him, Mr. Asay entered into a joint petition for consent discipline, and accompanying joint stipulation of facts, which were accepted by the supreme court, and Mr. Asay was suspended from the practice of law for three years.

2

a criminal act or an intentional act, and he requested a judgment declaring that the insurance policy provided coverage for the subject accident.[2]

Thereafter, Safeco filed its answer and defenses, pleading the provisions and exclusions in the automobile policy, as well as in an umbrella policy, both issued to Mr. Asay. On August 16, 2019, Safeco filed a motion for summary judgment, asserting that Mr. Asay was seeking insurance coverage for his "October 2014 road-rage incident in which he intentionally rammed into a stopped car carrying his estranged wife and her then-boyfriend." According to Safeco, because Safeco's policies contained "intentional act" and "criminal act" exclusions, summary judgment excluding coverage was appropriate.

On November 25, 2019, Mr. Asay filed a motion for partial summary judgment, seeking a declaration that the criminal act exclusion did not apply. In connection therewith, he filed one memorandum in support of his cross-motion for summary judgment and in opposition to Safeco's motion for summary judgment. Mr. Asay asserted that although the automobile policy's collision coverage section contained an exclusion for intentional acts, the collision coverage section of the policy did not contain a criminal act exclusion. He further averred that the criminal act exclusion with regard to liability coverage did not apply because he had neither been convicted nor entered a guilty plea to any crime as a result of the accident and that all criminal charges against him had been dismissed.[3]

Following a hearing, the trial court issued its ruling on the cross-motions for summary judgment on February 6, 2020. The trial court denied Safeco's motion for summary judgment based on the applicability of the intentional act exclusion, finding that a genuine issue of material fact existed as to whether Mr. Asay harbored the requisite intent to cause property damage or bodily injury. However, the trial court found no genuine issue of material fact that the criminal act exclusion in Safeco's policies was applicable. With regard to Mr. Asay's motion for

---

[2] Mr. Asay later amended his petition to assert claims of bad faith and damages.

[3] The record shows that the criminal prosecution against Mr. Asay was dismissed for purposes of expungement pursuant to the provisions of Article 894 of the Louisiana Code of Criminal Procedure.

3

partial summary judgment, the trial court found that a genuine issue of material fact remained as to Mr. Asay's intent, precluding the partial summary judgment.

On March 4, 2020, the trial court signed its judgment granting Safeco's motion for summary judgment with respect to Mr. Asay's claim for liability coverage under his automobile and umbrella insurance policies, and dismissing this claim with prejudice. The trial court denied Safeco's motion for summary judgment with respect to Mr. Asay's claim for collision coverage under Safeco's automobile insurance policy. The trial court also denied Mr. Asay's motion for partial summary judgment. Additionally, the trial court designated the judgment a final judgment under Louisiana Code of Civil Procedure article 1915B, stating that the court expressly determined that there was no just reason for delay.[4]

Mr. Asay appealed. He argues that the trial court erred in granting Safeco's summary judgment, 1) declaring that the "criminal act" exclusion precludes liability coverage under the automobile policy, and 2) declaring that there was no liability coverage under the umbrella policy against which no claim had been asserted.

## DISCUSSION

The judgment before us is a partial summary judgment rendered in an action for declaratory judgment. Louisiana Code of Civil Procedure article 1871 provides that a declaratory judgment "shall have the force and effect of a final judgment or decree." Louisiana Code of Civil Procedure article 1877 further provides that declaratory judgments "may be reviewed as other orders, judgments, and decrees." See **Motorola, Inc. v. Associated Indem. Corp.,** 02-0716 (La.App. 1 Cir. 4/30/03), 867 So.2d 715, 717.

In this case, the judgment was designated as a final judgment under Louisiana Code of Civil Procedure article 1915B. Article 1915B(1) provides:

> When a court renders a...partial summary judgment..., as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment

---

[4] In its February 6, 2020 ruling, the trial court stated that a judgment was "to be signed in accordance with this ruling upon its filing and submission." We note that the trial court made no mention of an Article 1915B certification in its written ruling on the cross-motions..

4

unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

The trial court expressly determined that there was no just reason for delay, but did not provide reasons for the designation. Therefore, before we consider the merits of the appeal, we must determine whether the judgment is properly certified.

Although the trial court certified the judgment as final and appealable under Article 1915B, that designation is not determinative of this court's jurisdiction. **Radcliffe 10, L.L.C. v. Burger**, 17-0967 (La.App. 1 Cir. 5/29/18), 251 So.3d 435, 440. Appellate courts have the duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. **Id**. If no reasons for the certification are given, but some justification is apparent from the record, the appellate court should make a *de novo* determination of whether the certification was proper. **R.J. Messinger, Inc. v. Rosenblum**, 04-1664 (La. 3/2/05), 894 So.2d 1113, 1122.

Historically, our courts have had a policy against multiple appeals and piecemeal litigation, with a goal of promoting judicial efficiency and economy in the administration of justice. Article 1915B attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. Thus, in considering whether a judgment has been properly designated as final and appealable pursuant to Article 1915B, a trial court must take into account judicial administrative interests as well as the equities involved. **Id.; Templet v. State ex rel. Dept. of Public Safety and Corrections,** 05-1903 (La.App. 1 Cir. 11/3/06), 951 So.2d 182, 185.

Some of the factors a trial court should take into account in making an Article 1915B certification are the relationship between the adjudicated and unadjudicated claims; the possibility that the need for review might or might not be mooted by future developments in the trial court; the possibility the reviewing court might be obliged to consider the same issue a second time; and miscellaneous factors such as delay, economic and solvency considerations,

5

shortening the time of trial, frivolity of competing claims, expense, and the like. **R.J. Messinger, Inc.,** 894 So.2d at 1122. However, the overriding inquiry for the trial court is whether there is no just reason for delay. **Id.,** 894 So.2d at 1122-23.

In this matter, the trial court judgment partially dismissed Mr. Asay's claim for a declaration of insurance coverage based on Safeco's defense regarding the criminal act exclusion. Safeco's defense that the intentional act exclusion also applies remains and has not been adjudicated. Therefore, even if we were to find the criminal act exclusion to be inapplicable to Mr. Asay's claim for liability coverage under the automobile and umbrella insurance policies, the issue of the applicability of the intentional act exclusion would still exist. Additionally, the claim for collision coverage, which involves only the intentional act exclusion, is still pending. Moreover, Mr. Asay did not assert a claim for coverage under the umbrella policy in his petition for declaratory judgment, but the trial court granted summary judgment on the liability coverage in the umbrella policy. Whether the trial court properly ruled on coverage under the umbrella policy remains as an issue, adding to the possibility of piecemeal appeals.[5]

Given the nature of the claims and the procedural posture of this case, we find that addressing the issues at this time would promote piecemeal appeals and would not make review available at a time that best serves the parties. Accordingly, on our *de novo* review of the record, we cannot conclude that there is no just reason for delay, and the designation does not meet the requirements of **R.J. Messinger, Inc**. We therefore dismiss the appeal.

---

[5] As previously stated, in his petition for declaratory judgment, Mr. Asay alleged liability and collision coverage under only his automobile insurance policy. Thereafter, in its answer and defenses, Safeco asserted exclusions under the umbrella policy in addition to the exclusions under the automobile policy. Mr. Asay argues that he has never asserted any claims under the umbrella policy in this litigation, and Safeco's motion for summary judgment as to the umbrella policy was not properly before the trial court. However, Safeco asserts that Mr. Asay did not object to the answer and defenses, thereby waiving any objection to the exclusions under the umbrella policy being adjudicated.

6

## CONCLUSION

For the above reasons, we dismiss Mr. Asay's appeal. Costs of this appeal are assessed to Gerald Asay.

**APPEAL DISMISSED.**