KUHN, J.
 

 | gPlaintiffs-appellants, Jody Allemand individually and in his capacity as tutor of his minor daughter, Emily, and his wife, Renee, appeal the trial court’s judgment, which granted a motion for summary judgment in favor of defendant-appellant, Audubon Insurance Group (Audubon Insurance). The judgment dismissed, pursuant to the New Home Warranty Act (NHWA),
 
 [1]
 
 plaintiffs’ claims for damages for bodily injuries sustained by Emily and their resulting loss of consortium. We reverse in part and affirm in part.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 According to the allegations in the petition, on March 20, 2002, Jody and Renee Allemand signed a contract with Discovery Homes, Inc. (Discovery Homes) to construct a new home in Thibodaux. The Allemands moved into the newly-constructed home on August 19, 2002, with their six-day old baby, Emily. In September 2002, during a tropical storm, the interior walls of the home’s three bedrooms began to leak, saturating the carpets. An inspection of the area behind the baseboards of the leaking walls revealed the presence of mold, which allegedly was toxic. Emily’s immune system weakened and, on January 3, 2003, she was admitted to a hospital, where she was diagnosed with the respiratory condition known as RSV.
 
 [2]
 
 On January 26, 2003, Emily was admitted to another hospital for symptoms associated with Kawasaki disease. The Allemands aver that Emily has suffered personal injuries consisting of toxic mold spore inhalation, a weakened immune system, RSV, Kawasaki disease, and associated nasal symptoms, which |,«¡were caused as a result of her exposure to toxic mold found behind the baseboards of the bedroom walls that leaked during the tropical storm.
 

 The Allemands filed this lawsuit seeking damages for breach of contract and negligence from Discovery Homes, its president, Bruce Schexnayder, and his wife, Roberta, who is the corporate secretary, as well as Audubon Insurance, the insurer of Discovery Homes. On July 8, 2004, the parties settled all of the property damage claims and causes of action, expressly reserving Jody’s right as tutor of Emily to pursue against defendants all her claims and causes of action for bodily injury.
 

 
 *1186
 
 Audubon Insurance subsequently moved for summary judgment contending that Jody’s claims for damages as a result of bodily injuries Emily sustained, as well as his and Renee’s claims for loss of consortium that are derivative of Emily’s injuries, are excluded from the builder’s warranties under the NHWA and, therefore, not recoverable as a matter of law. After a hearing, the trial court agreed and dismissed Audubon Insurance from the lawsuit. The Allemands lodged this appeal.
 

 DISCUSSION
 

 Summary Judgment Law
 

 The summary judgment procedure is expressly favored in the law, and is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. La. C.C.P. art. 966 A(2). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show that there is no genuine issue as to 14material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B.
 

 The initial burden of proof is on the moving party. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2). Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.
 
 Babin v. Winn-Dixie Louisiana, Inc.,
 
 00-0078, p. 4 (La.6/30/00), 764 So.2d 37, 40; see La. C.C.P. art. 967 B.
 

 On appeal, summary judgments are reviewed
 
 de novo
 
 under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.
 
 Guardia v. Lakeview Regional Medical Ctr.,
 
 2008-1369, p. 3 (La.App. 1st Cir.5/8/09), 13 So.3d 625, 627. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is “material” | ¡¡for summary judgment purposes can be seen only in light of the substantive law applicable to the case.
 
 Id.,
 
 2008-1369 at p. 4, 13 So.3d at 628.
 

 NHWA
 

 The NHWA was originally enacted in 1986 for the purpose stated in La. R.S. 9:3141:
 

 The legislature finds a need to promote commerce in Louisiana by providing clear, concise, and mandatory warranties for the purchasers and occupants of new homes in Louisiana and by providing for the use of homeowners’ insurance as additional protection for the public against defects in the construction of new homes. This need can be met by providing a warranty for a new home purchaser defining the responsibility of the builder to that purchaser and subsequent purchasers during the warranty periods provided herein. The warranty, which is mandatory in most cases, shall apply whether or not building code regu
 
 *1187
 
 lations are in effect in the location of the structure, thereby promoting uniformity of defined building standards. Additionally, all provisions of this Chapter shall apply to any defect although there is no budding standard directly regulating the defective workmanship or materials.
 

 The NHWA’s “minimum required warranties,” set forth in La. R.S. 9:8144, are mandatory and cannot be waived by the owner or reduced by the builder.
 
 See
 
 La. R.S. 9:8144 C;
 
 Barnett v. Watkins,
 
 2006-2442, p. 10 (La.App. 1st Cir.9/19/07), 970 So.2d 1028, 1034,
 
 vrrit denied,
 
 2007-2066 (La.12/14/07), 970 So.2d 537. And the NHWA provides the exclusive remedies, warranties, and peremptive periods as between a builder and an owner relative to home construction; no other provisions of law relative to warranties and redhibitory vices and defects shall apply.
 
 See
 
 La. R.S. 9:3150;
 
 Barnett,
 
 2006-2442 at p. 10, 970 So.2d at 1034.
 

 Because the parties settled their property damage claims and causes of action, that portion of the minimum required warranties of La. R.S. 9:3144 A is not | (¡before us. La. R.S. 9:3144 B(14) states that unless the parties otherwise agree in writing, the builder’s warranty excludes bodily injury. It is this exclusion to the NHWA that Audubon Insurance relies on to assert that, because Discovery Homes was the builder and since under La. R.S. 9:3150 the NHWA provides the exclusive remedies available between builders and owners relative to home construction, the Allemands are not entitled to recovery for Emily’s bodily injuries.
 

 According to the applicable version of La. R.S. 9:3143(6), an “owner” means the initial purchaser of a home and any of his successors in title to a home during the time the warranties provided under the NHWA are in effect.
 
 [3]
 
 The record establishes that the owners of the new construction are Jody and Renee, not Emily. Nothing in the record shows that Emily is either the initial purchaser of the home or a successor in title of Jody and Renee. As such, she is not an “owner” and, therefore, cannot be limited to the exclusive remedies between a builder and an owner relative to home construction provided by the NHWA.
 

 Because Emily is outside the scope of the NHWA, she may pursue her claims for bodily injury under any applicable theory of recovery, including recovery in tort provided under La. C.C. art. 2315. Thus, because Audubon Insurance failed to demonstrate it was entitled to judgment as matter of law on the issue of whether the NHWA applied to the claims for bodily injury sustained by Emily, the trial court erred in granting summary judgment and dismissing Jody’s claims as tutor on behalf of Emily.
 

 We turn now to the loss of consortium damages asserted by Jody and Renee |7in their individual capacities. In claiming entitlement to loss of consortium as a result of Emily’s bodily injuries, Jody and Renee obviously rely on the derivative nature of such damages. Because loss of consortium is derivative of the primary victim’s injuries and not a separate bodily injury, the loss of consortium claim is for damage to the relationship with a living person.
 
 See Ferrell v. Fireman’s Fund Ins. Co.,
 
 96-3028 (La.7/1/97), 696 So.2d 569, 574;
 
 see also
 
 William E. Crawford, Developments in the Law 1993-1994, 55 La. L.Rev. 657, 658 (1995).
 

 The claim for loss of consortium is, beyond question, a cause of action separate from any claim of the primary victim. The loss of consortium claim is derivative
 
 *1188
 
 only in the sense that the damages suffered by the claimants flow from damage to their relationship with the primary tort victim. The claim, however, is not the assertion of the primary victim’s cause of action itself (as is the case with a survival action).
 
 Landry v. Avondale Indus., Inc.,
 
 2003-0719, p. 9 (La.12/3/03), 864 So.2d 117, 126. Accordingly, claims for loss of consortium clearly compensate the beneficiaries for their own damages as a result of their relationship with the victim, albeit separate and distinct from the victim’s injuries.
 
 See Landry,
 
 2003-0719 at p. 10, 864 So.2d at 126;
 
 see also Leray v. Nissan Motor Corp. in U.S.A.,
 
 2005-2051, p. 6 (La.App. 1st Cir.11/3/06), 950 So.2d 707, 711 (compromise agreement signed by minor passenger could not act to waive her parents’ rights or causes of action for loss of consortium damages, which were their separate claims).
 

 Since the loss of consortium damages Jody and Renee suffered are separate and distinct claims from those of Emily’s, as the “owners” of the new construction, they are subject to the builder’s warranty in La. R.S. 9:3144 B.
 
 Barnett,
 
 2006-2442 at p. 10, 970 So.2d at 1034. According to La. R.S. 9:3144 B(8), excluded from the builder’s warranty is “[l]oss or damage which does not constitute a defect in the construction of the home by the builder.” Because claims for loss of consortium are losses or damages that do not constitute defects in the construction of the home by the builder, they are excluded from the builder’s warranty under the NHWA.
 
 See Barnett,
 
 2006-2442 at p. 16, 970 So.2d at 1038.
 

 Jody and Renee point out that under the contract they entered into with Discovery Homes, they were promised perfection, thereby obviating an exclusive application of the NHWA to their claims.
 

 Because the NHWA provides
 
 “minimum
 
 required warranties,” it does not prohibit a builder from agreeing to
 
 increase,
 
 rather than reduce, his warranties to the owner of a new home. Thus, a builder may contractually assume greater obligations or warranties than those afforded by the NHWA, and under those circumstances, the owner presumably has a separate cause of action based on the breach of those specific contract provisions.
 
 Barnett,
 
 2006-2442 at p. 12, 970 So.2d at 1035.
 

 The builder’s contract that Jody and Renee entered into with Discovery Homes stated that the builder agreed to “build, finish and deliver in a perfect and thoroughly workmanlike manner a residence.” But the Allemands have cited, and we have found, nothing in the contract which stipulates that the builder assumed liability for “[l]oss or damage which does not constitute a defect in the construction of the home by the builder.” Clearly, the reference to “perfect” relates to the workmanlike manner in which the builder agreed to build, finish, and |9deliver the residence. Any deficiencies in workmanship, and thus any claim for the builder to deliver a residence in a perfect workmanlike manner, were necessarily addressed within the settlement of “all property damage claims and causes of action” between Jody and Renee and all defendants.
 

 Because the individual claims of Jody and Renee for loss of consortium were not within the scope of the warranty afforded them by the NHWA and because Discovery Homes did not contractually assume liability for any losses or damages which do not constitute a defect in the construction of their home, Audubon Insurance proved that it was entitled to judgment as a matter of law on the loss of consortium claims.
 
 [4]
 
 Accordingly, the trial court cor
 
 *1189
 
 rectly granted summary judgment and dismissed the claims for loss of consortium by Jody and Renee in their individual capacities.
 

 DECREE
 

 For these reasons, the trial court’s judgment is reversed insofar as it dismisses the claims asserted by Jody Allemand in his capacity as tutor of his minor daughter, Emily, for her bodily injuries. The dismissal of the loss of consortium claims by Jody and Renee Allemand in their respective individual capacities is affirmed. Appeal costs are assessed one-half to defendant-appellee, Audubon Insurance Group and one-half to plaintiffs-appellants, Jody and Renee Allemand in their individual capacities.
 

 REVERSED IN PART; AFFIRMED IN PART.
 

 PARRO, J., concurs.
 

 [1]
 

 . See La. R.S. 9:3141-3150.
 

 [2]
 

 . RSV is short for respiratory syncytial virus.
 

 [3]
 

 . We note that by 2003 La. Acts, No. 333, § 1, the legislature amended La. R.S. 9:3143(6) and expanded the definition of owner to include "heirs, invitees, or assigns.”
 

 [4]
 

 . It was undisputed for purposes of summary judgment that as Discovery Homes' insurer, Audubon Insurance provided coverage for the
 
 *1189
 
 Allemands.
 
 See
 
 La. R.S. 22:1269 B (providing for a direct action by claimants against the insurer of an alleged tortfeasor).