HIGGINBOTHAM, J.
IsThis consolidated matter involves issues surrounding payments made to homeowners for damages due to a residential home fire, including the Louisiana New Home Warranty Act (NHWA) and subro-gation.[1] The homeowners appeal the summary judgment dismissal of their builder.
FACTS AND PROCEDURAL HISTORY
This litigation has been long and contentious, arising out of the custom build of a new home in Slidell, Louisiana. The building contract was executed in January 2005 with an original contract price of $393,000.00, but unfortunately, the house was not completed before the devastation brought to the area by Hurricane Katrina in August 2005. The home was eventually completed by the builder, Alvin R. Savoie <& Associates, Inc., d/b/a Savoie Construction (Savoie Construction), sometime between August and September 2006, at an increased total cost of $414,000.00, due to elevated post-Katrina construction costs. The homeowners, James E. Shields, Jr. and Christine F. Shields, along with their two sons (the Shields), took occupancy of the home when it was completed. The event that led to this litigation occurred approximately four-and-a-half years later, on January 22, 2011, when the entire house was destroyed by a fire that originated near an outdoor fireplace on the patio of the home. The fireplace was manufactured by Lennox Hearth Products, LLC (Len-nox), and was installed by Foster-Taylor Fireplaces, Inc. (Foster-Taylor), pursuant to the original plan in the construction contract between the Shields and Savoie Construction.
After the fire, the Shields made a claim against their homeowners’ insurance policy issued by ASI Lloyds (ASI) for damage to the home caused by the fire. Two Rmonths later in March 2011, ASI issued checks to the Shields totaling $430,000.00 in payment for property damages. Mr. Shields subsequently executed a subrogation agreement in August 2011 that assigned over to ASI “any and all claims or causes of action ... to recover against any person or persons as the result of [the fire], to the extent of the payment [made by ASI.]” Despite the initial payment by ASI amounting to more than the purchase price of the house, the Shields filed suit against ASI in January 2012 for consequential damages related to the fire, bad faith penalties, and attorney fees. As a result of that lawsuit, ASI paid the Shields another $129,000.00 in December 2012 and the Shields eventually settled all of their claims against ASI for an additional amount of $290,000.00, expressly re *30 serving the right to pursue their claims against Savoie Construction.[2] The Shields’ lawsuit against ASI is not a part of this consolidated appeal.
In January 2012, the Shields filed another lawsuit in the 22nd Judicial District Court, Trial Court Number 2012-10392, against Savoie Construction, Foster-Taylor, Lennox, and their liability insurers.[3] At the time of the fire, the insurer of Savoie Construction was American Empire Surplus Lines Insurance Company (American Empire). Also in January 2012, ASI, as subrogee of the Shields, filed a separate lawsuit in the 22nd Judicial District Court, Trial Court Number 2012-10262, against Savoie Construction and Foster-Taylor. The two lawsuits were subsequently consolidated in the trial court for all purposes on May 7, 2012. ASI ultimately settled its subrogation claims against Savoie Construction and Foster-Taylor, thereby extinguishing those rights. Those parties were dismissed from Trial Court Number 2012-10262 by separate orders of the trial court in January and February 2014, | ¿leaving only the claims that remained in the Shields’ lawsuit against Savoie Construction, Foster-Taylor, Lennox, and their respective insurers.
Savoie Construction and its insurer, American Empire, filed separate motions for summary judgment with support in January and February 2015, both maintaining that the Shields’ claims for defective and negligent construction against the builder, Savoie Construction, were barred by the exclusivity of the NHWA provisions that specifically exclude consequential damages and limit a builder’s liability for defective work to damages that do not exceed the purchase price of the home. Savoie Construction and American Empire also argued that pursuant to the NHWA, the Shields’ claims were perempted, because the Shields asserted their claims against Savoie Construction more than five years after they occupied their new home. Further, American Empire maintained that it was not legally obligated to pay any damages to the Shields since their claims against its insured, Savoie Construction, were barred by the NHWA and were per-empted.
The Shields opposed the motions for summary judgment, arguing that they had a valid claim against Savoie Construction for breaching an agreement in the construction contract that obligated Savoie Construction -to extend the NHWA warranty period from five to ten years. The Shields also argued that Savoie Construction ignored manufacturer warnings about replacing rather than repairing flood-damaged fireplaces. Savoie' Construction and American Empire countered that even if the Shields could prove a breach of contract claim, which was denied, all of the Shields’ claims arose out of an alleged defect in the construction or materials in the home (not a breach of contract). Savoie Construction and American Empire noted that such claims are exclusively limited under the NHWA, which warranties were never waived.
After a hearing, the trial court signed a judgment on May 6, 2015, granting summary judgment in favor of Savoie Construction and American Empire in part, |fidismissing all of the Shields’ claims against Savoie Construction and American Empire other than those warranty claims *31 covered by the NHWA. All of the other claims that the Shields may have had against other defendants were specifically reserved in that judgment. The May 2015 judgment was not designated as a final judgment and no writ of review or appeal was immediately taken after that particular judgment was rendered.
A short time late, on June 25, 2015, American Empire filed a second motion for summary judgment, maintaining that the Shields had subrogated to their homeowners’ insurer, ASI, any and all possible claims they may have had under the NHWA against Savoie Construction and therefore, the Shields had no remaining claims against Savoie Construction or American Empire as Savoie Construction’s insurer. On July 17, 2015, Savoie Construction filed a similar second motion for summary judgment, also arguing that the Shields did not have a viable NHWA claim against Savoie Construction because those claims were perempted and had been sub-rogated or assigned to ASI. The Shields filed oppositions to both of the second motions for summary judgments, primarily arguing that they were not “made whole” by ASI’s payments; therefore, the Shields argued that ASI was only partially subro-grated to their claims against Savoie Construction and that they had priority in receiving any other payments.
At a hearing on August 18, 2015, the trial court initially denied American Empire and Savoie Construction’s second motions, but then reconsidered the motions pursuant to a rehearing on January 7, 2016. At the hearing, both American Empire and Savoie Construction argued that the Shields’ NHWA claims were subrogat-ed to ASI and since ASI had settled those rights, the NHWA claims were extinguished by subrogation. They also strongly urged that the Shields’ NHWA claims were perempted. The Shields countered that they had reserved all of their NHWA claims when they settled with ASI, and they again argued that they have not |7been made whole by the ASI payments, which they maintained was a disputed material fact that precluded summary judgment. The trial court agreed with American Empire and Savoie Construction, signing a final judgment on January 7, 2016, that granted summary judgment in favor of Savoie Construction, and another final judgment on January 26, 2016, that granted summary judgment in favor of American Empire. The cumulative effect of the two January 2016 judgments was the dismissal of all of the Shields’ remaining claims against both Savoie Construction and American Empire. The Shields’ filed a motion for new trial, which was denied. The trial court issued written reasons for its judgments, focusing on the subrogation analysis rather than the per-emption issue.
The Shields have appealed three judgments, the two January 2016 summary judgments that are final because all of the Shields’ remaining claims against Savoie Construction and American Empire were dismissed, and the May 2015 partial summary judgment that was interlocutory, limiting the Shields’ claims against Savoie Construction and American Empire to those that they may have had under the NHWA.[4] The appeals were docketed in *32 this court with four appellate docket numbers that were partially consolidated. The appeals pertinent to Savoie Construction, docket numbers 2016 CA 0825 and 2016 CA 0826, relate to the January 7, 2016 judgment in favor of Savoie Construction and the May 6, 2015 judgment partially in favor of Savoie Construction. The connected appeals, docket numbers 2016 CA 0827 and 2016 CA 0878, focus on the January 26, 2016 judgment |8in favor of American Empire and the May 6, 2015 judgment partially in favor of American Empire. The Shields filed identical briefs in all of the consolidated appeals, raising nine assignments of error focusing on the trial court’s failure to find that the Shields had not been made whole in their damages and therefore, the Shields had higher preference than ASI’s subrogation lights asserted against Savoie Construction. The Shields also maintain that Savoie Construction breached a contractual agreement to obtain additional warranties above the minimum NHWA warranties.
SUMMARY JUDGMENT LAW
A motion for summary judgment shall be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. Art. 966(B)(2).[5] In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determihation of whether summary judgment is appropriate. Temple v. Morgan, 2015-1159 (La.App. 1 Cir. 6/3/16), 196 So.3d 71, 76, writ denied, 2016-1255 (La. 10/28/16), 208 So.3d 889, 2016 WL 6777472.
The burden of proof on a motion for summary judgment is on the mover. However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion, the mover’s burden does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. | BThereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentia-ry burden of proof at tidal. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. La. Code Civ. P. Art. 966(C)(2); Temple, 196 So.3d at 76.
*33 In ruling on a motion for summary judgment, the trial court’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party’s favor. Hines v. Garrett, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765 (per curiam). A fact is material if it potentially ensures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Hines, 876 So.2d at 765-66. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is “material” for summary judgment purposes can be seen only in light of the substantive law applicable to the case. Allemand v. Discovery Homes, Inc., 2009-1565 (La.App. 1 Cir. 5/28/10), 38 So.3d 1183, 1186. In this case, the NHWA is the applicable substantive law governing the fire damage claims between the Shields, as homeowners, and Savoie Construction, as the builder.
THE NHWA
The NHWA provides the exclusive remedies, warranties, and peremptive periods as between a builder and a homeowner relative to home construction, and no other provisions of the law relative to warranties and redhibitory vices and defects apply. La. R.S. 9:3150. The applicable version of the NHWA is the one in effect on the date that the homeowners first occupy their new home. Siragusa v. Bordelon, 2015-1372 (La. App. 1st Cir. 4/15/16), 195 So.3d 100, 104. Louisiana courts have consistently recognized the NHWA’s exclusive application to claims between a builder and a homeowner relative to construction defects in a new residence. Carter v. Duhe, 2005-0390 (La. 1/19/06), 921 So.2d 963, 970.
There is no dispute in this case that the Shields are the original homeowners and Savoie Construction is the builder of their home that was ultimately destroyed by fire. Because the Shields’ claims against Savoie Construction all pertain to an alleged defect in the workmanship surrounding the construction of the outdoor fireplace or the materials used for the outdoor fireplace at their custom-build home, we agree with the trial court that the NHWA provided the exclusive remedy and warranties as between the Shields and Savoie Construction. See Siragusa, 195 So.3d at 105. Thus, we find no error in the trial court’s rendering of the May 2015 partial summary judgment that dismissed all of the Shields’ claims against Savoie Construction and its insurer, American Empire, except for any claims covered by the NHWA. ■
The NHWA’s “minimum required warranties,” set forth in La. R.S. 9:3144(A), are mandatory and cannot be waived by the homeowner or reduced by the builder. La. R.S. 9:3144(C); Barnett v. Watkins, 2006-2442 (La.App. 1 Cir. 9/19/07), 970 So.2d 1028, 1034, writ denied, 2007-2066 (La. 12/14/07), 970 So.2d 537. Every builder warrants to the homeowner that one year following the warranty commencement date (the date that legal title is conveyed to the initial purchaser or the date the home is first occupied, whichever occurs first), the home will be free |nfrom any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards. La. R.S. 9:3144(A)(1) and 3143(7). Additionally, the builder warrants to every homeowner that two years following the warranty com *34 mencement date, the heating and ventilating systems exclusive, of any appliance, fixture, and equipment will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards. La. R.S. 9:3144(A)(2). The builder further warrants to every homeowner that five years following the warranty commencement date, the home will be free from major structural defects due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards. La. R.S. 9:3144(A)(3) and 3143(5). The NHWA specifically excludes (unless the parties otherwise agree in writing) consequential damages or incidental expenses related to relocation during the repair of the home. See La. R.S. 9:3144(B)(15) and (17). Additionally, an action to enforce any warranty provided under the NHWA is subject to a peremptive period of thirty days after the expiration of the appropriate time period provided in La. R.S. 9:3144. See La. R.S. 9:3146.
Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the per-emptive period. La. Civ. Code Art. 3458. Peremption may not be renounced, interrupted, or suspended. La. Civ. Code Art. 3461. It may, however, be pleaded or supplied by a court on its own motion at any time prior to final judgment. La. Civ. Code Art. 3460. Public policy requires that rights to which peremption periods attach are to be extinguished after passage of a specified period. See Robinson v. Wayne and Beverly Papania and Pyrenees Investments, LLC, 2015-1354 (La.App. 1 Cir. 10/31/16), 207 So.3d 566. Additionally, a peremptive statute totally destroys or extinguishes the previously existing right with the result that, upon expiration of the prescribed period, a cause of action or substantive right no longer exists to be enforced. See Borel v. Young, 2007-0419 (La. 11/27/07), 989 So.2d 42, 49; Pounds v. Schori, 377 So.2d 1195, 1198 (La. 1979), superseded by statute on other grounds, La. Acts 2005, No. 192, Sec. 1, as recognized in, Pociask v. Moseley, 2013-0262 (La. 6/28/13), 122 So.3d 533, 539.
| iaIt is undisputed that the Shields moved into their newly constructed home sometime in August or September 2006. The fire that destroyed the Shields’ home occurred on January 22, 2011, after nearly five years of the Shields using/enjoying their outdoor fireplace. A defect in the workmanship and/or materials surrounding the construction and installation of the outdoor fireplace is the alleged cause of the fire that destroyed the Shields’ home. There is absolutely no evidence in the record that the fire was caused by a major structural defect in the home so as to fall within the ambit of the five-year warranty provided under La. R.S. 9:3144(A)(3) and 3143(5). Thus, to the extent that the outdoor fireplace contained a defect in workmanship or materials, the Shields’ claims against Savoie Construction are clearly perempted under the NHWA as more than thirty days and one year- has elapsed since the warranty commencement date. See La. R.S. 9:3146, 3144(A)(1), and 3143(7). See also Binning v. Boudinot, 2011-1091 (La.App. 1 Cir. 12/21/11), 2011 WL 6779597, *2 (unpublished). Furthermore, the record does not bear out whether the alleged defect in the outdoor fireplace would constitute a “heating” or “ventilating” system in the house, but even if it were qualified as such, the Shields’ claims were clearly urged well after thirty days and two years had elapsed since the warranty commencement date. As such, those potential NHWA *35 claims are perempted as well. See La. R.S. 9:3146, 3144(A)(2), and 3143(7).
Given that the Shields’ NHWA claims against Savoie Construction had already perempted after one or at the most, two years, the fact that Sa-voie Construction may have failed to provide an extended warranty from five to ten years is immaterial because all of the Sheilds’ damages arose from the alleged defective workmanship or materials connected to the outdoor fireplace, not by any breach of contract for failing to provide an extended warranty period. Under the plain language of the NHWA, the Shields no longer have any viable claim against Savoie | ^Construction (or by extension, its insurer, American Empire[6]) for damages arising out of defective workmanship or defective materials in their home that do not constitute major structural defects. For these reasons, albeit different from those expressed by the trial court, which focused on the extinguishment of the Shields’ claims by subrogation of rights rather than peremption, we conclude that the trial court did not err in granting the summary judgments in favor of Savoie Construction.[7]
DECREE
The trial court’s judgments granting summary judgment in favor of Savoie Construction and dismissing all of the Shields’ claims against Savoie Construction are affirmed. All costs of this consolidated appeal are assessed against the Shields.
AFFIRMED.

. This consolidated appeal is closely related to another consolidated appeal decided this same date, which involves the same parties and same issues: Shields v. Alvin R. Savoie & Associates, Inc., and American Empire Surplus Lines Insurance Company, 2016-0827 c/w 2016-0828 (La. App. 1st Cir. 2/17/17), 217 so.3d 420, 2017 WL 658746. The parties sought to consolidate all four appeals, but that request was denied by this court on September 27, 2016. However, the four appeals were assigned for consideration by the same panel on the same docket.

. The Shields also reserved rights against Foster-Taylor and Lennox and their insurers, but those claims are not currently before us.

. Foster-Taylor’s insurer is Travelers Indemnity Company of Connecticut and Lennox’s insurer is ACE American Insurance Company. The Shields’ claims against those parties are not relevant to this consolidated appeal.

. While the Shields did not have the right to an immediate appeal of the May 2015 partial summary judgment without the designation of the judgment as final, they did not lose their right to appeal after a final judgment was rendered adjudicating all of their claims, demands, issues, and theories of their case against Savoie Construction and American Empire. See La. Code Civ. P. Art. 1915(B); Cortes v. Lynch, 2002-1498 (La.App. 1 Cir. 5/9/03), 846 So.2d 945, 949. Since the January 2016 judgments completely dismissed all *32 of the Shields’ claims against Savoie Construction and American Empire, they are final judgments that are immediately appealable under La. Code Civ. P. Art. 1915(A)(1) and (A)(3). See Motorola, Inc. v. Associated Indent. Corp., 2002-0716 (La.App. 1 Cir. 4/30/03), 867 So.2d 715, 717-18. When an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the final judgment appealed. In re T.A.S., 2004-1612 (La.App. 1 Cir. 10/29/04), 897 So.2d 136, 139. Therefore, we will consider the arguments advanced by the Shields concerning all three judgments.

. Louisiana Code of Civil Procedure Article 966 was amended and reenacted by Acts 2015, No. 422, § 1, with an effective date of January 1, 2016. The amended version of Article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act. See Acts 2015, No. 422, §§ 2 and 3. Because the second motions for summary judgment in this case were pending adjudication on the effective date of the Act, we refer to the former version of the article in this case.

. By extension, the NHWA is the Shields’ exclusive remedy against American Empire as the liability insurer of Savoie Construction. See Barnett, 970 So.2d at 1038. If Savoie Construction has no liability in this case, then it follows that American Empire can have no liability by operation of law. See Marsh Engineering, Inc. v. Parker, 2004-0509 (La.App. 3 Cir. 9/29/04), 883 So.2d 1119, 1127, writ denied, 2004-2669 (La. 1/28/05), 893 So.2d 73. Similarly, if Savoie Construction has a valid defense of statutory peremption, then that defense is available to American Empire as Sa-voie Construction's insurer. See Id.

. A court of appeal may affirm a judgment for reasons different than those assigned by the trial court if the result is correct. See Wooley v. Lucksinger, 2009-0571 (La. 4/1/11), 61 So.3d 507, 572. We further note that an appellate court may find peremption on its own motion at any time before final judgment is rendered. See La. Civ. Code Art. 3460.