HIGGINBOTHAM, J.
A builder appeals a judgment rendered in favor of a homeowner based upon an alleged oral agreement to repair damaged flooring.
*599 BACKGROUND
On June 30, 2010, Marjorie Hodson purchased a new home from Daron Cavaness Builder, Inc. in Raceland, Louisiana. Ms. Hodson and her daughter, Kelli Ann Dugas, immediately moved into the new house. Approximately six years later, on May 18, 2016, Ms. Hodson called Mr. Cavaness to request that he come to her house to examine a recent problem with the tile flooring and grout that was cracking and crumbling. Mr. Cavaness responded that same date by personally examining the damaged flooring. Ms. Hodson made it clear to Mr. Cavaness that she expected him to have the damage repaired. Mr. Cavaness advised Ms. Hodson that he would "look into it and get back with her." However, Mr. Cavaness never got back with Ms. Hodson, even though she repeatedly tried to contact him about the repair job. Ms. Hodson filed a complaint with the Better Business Bureau for the Greater New Orleans area on June 1, 2016. Still, Ms. Hodson did not receive a response from Mr. Cavaness. Because Ms. Hodson believed that Mr. Cavaness had made an oral promise to have her floors repaired, she sought assistance from a lawyer to make a written demand on Mr. Cavaness to repair the floors as promised. Mr. Cavaness responded to the demand by informing Ms. Hodson's lawyer that the house was "out of warranty" for flooring pursuant to the Louisiana New Home Warranty Act (NHWA). Mr. Cavaness denied that he ever told Ms. Hodson that he would have the flooring repaired.
Ms. Hodson filed suit against Mr. Cavaness's business on June 16, 2016, alleging claims pursuant to the NHWA and in redhibition. She supplemented her petition a few weeks later to add an allegation for breach of oral contract, alleging that Mr. Cavaness had breached an oral agreement to inspect and repair the flooring in her house. The claims pursuant to the NHWA and in redhibition were dismissed pursuant to peremptory exceptions granted in favor of Mr. Cavaness's business on October 7, 2016. Those claims are not at issue in this appeal. However, the remaining claim for breach of an oral contract to repair proceeded to a bench trial on May 31, 2017. The trial court ultimately ruled in favor of Ms. Hodson, finding her testimony to be more credible than that offered by Mr. Cavaness and that Ms. Hodson met her burden of proving corroborating circumstances sufficient to establish the existence of an oral contract. A final judgment was rendered in favor of Ms. Hodson for $5,750.00 against Daron Cavaness Builder, Inc., for the cost to repair the damaged flooring. Mr. Cavaness's business appeals, asserting the trial court erred in finding a valid oral contract to repair.
DISCUSSION
The only issue at trial was whether a valid oral contract to repair the floors was proven by Ms. Hodson.[1] A contract not reduced to writing, for a price or value above $500.00, must be proved by at least one witness and other corroborating circumstances. La. Civ. Code art. 1846 ; Suire v. Lafayette City-Parish Consolidated Government , 2004-1459 (La. 4/12/05), 907 So.2d 37, 58. To meet the burden of proving an oral contract by a *600 witness and other corroborating circumstances, a plaintiff may serve as her own witness and the "other corroborating circumstances" may be general and need not prove every detail of the plaintiff's case. Pennington Const., Inc. v. R A Eagle Corp. , 94-0575 (La. App. 1st Cir. 3/3/95), 652 So.2d 637, 639. The corroborating evidence, however, must come from a source other than the plaintiff. Id. Whether there were corroborating circumstances sufficient to establish an oral contract is a question of fact, and our review of the factual conclusions is limited to a review of the entire record to determine if those conclusions are clearly wrong. Id.
We also note that when evaluating the evidence needed to establish the existence or non-existence of an oral contract, the trial court is allowed to make credibility determinations. Key Office Equipment, Inc. v. Zachary Community School Bd. , 2015-1412 (La. App. 1st Cir. 4/15/16), 195 So.3d 54, 60, writ denied, 2016-0841 (La. 6/17/16), 192 So.3d 772. Reasonable evaluations of credibility will not be disturbed upon review unless documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the determination. Id. at 61.
In oral reasons for judgment, the trial court first noted that the repair estimate given by a different contractor, Jacob Boudreaux, established by a preponderance of the evidence that Ms. Hodson's floor damage could be repaired for $5,750.00, which clearly put the amount at issue over $500.00. The trial court next noted that Ms. Hodson's testimony was credible and she was clearly under the impression that Mr. Cavaness had promised to repair the damaged floor when he examined the flooring on May 18, 2016. Our review of Ms. Hodson's testimony reveals that she was frustrated that Mr. Cavaness never got back to her after promising that he would determine who had installed the flooring and would get back with her to set up the repair. The trial court also observed, and the record supports, that Ms. Hodson's daughter's testimony did not provide the required corroboration needed to prove the existence of the alleged oral contract to repair, because the daughter was not present at the time of Mr. Cavaness's examination of the damage and she never heard Mr. Cavaness tell Ms. Hodson that he would repair the floor.
As for the testimony of Mr. Cavaness, the trial court stated that it found his testimony "inconsistent" and that it did not "give a great deal of weight to [Mr. Cavaness's] testimony because of the number of inconsistencies." Our review of Mr. Cavaness's testimony shows confusion over the number of phone calls received by Ms. Hodson and her daughter. However, the testimony also reveals a consistent denial that Mr. Cavaness ever promised to repair Ms. Hodson's damaged floors, even though she had made it clear to him that she expected him to take responsibility for the repair. Instead, Mr. Cavaness admitted that he promised to "look into it and get back with her in a week or two[,]" but he never got back with her. The trial court went on to discuss the corroborating evidence envisioned by La. Civ. Code art. 1846 and the jurisprudence, such that there was a need for an independent source of corroboration in addition to Ms. Hodson's testimony. The trial court was impressed with the fact that Mr. Cavaness had acknowledged his failure to follow through with his promise to get back in touch with Ms. Hodson, and therefore, the trial court concluded that Mr. Cavaness's failure to respond was sufficient corroboration of the oral contract to repair.
*601 After thoroughly reviewing the entire record, we conclude that the trial court manifestly erred in determining that Mr. Cavaness's acknowledgement of his failure to respond to Ms. Hodson was sufficient corroborating evidence that he had orally agreed to repair the damaged floors. Mr. Cavaness certainly promised to get back with Ms. Hodson about the flooring, and then he neglected to do so. However, there is simply no corroborating evidence from a source other than Ms. Hodson that Mr. Cavaness promised to repair the damaged flooring. While the trial court is allowed to make credibility determinations when evaluating the evidence needed to establish the existence of an oral contract, we find that the trial court's evaluation of Mr. Cavaness's testimony was not reasonable in this instance. An acknowledged broken promise to look into a situation does not equate to an oral agreement to repair. Additionally, we find it significant that Ms. Hodson filed a complaint within thirteen days and this lawsuit within a month of first seeking assistance from Mr. Cavaness, yet she did not mention any promise to repair until the month following the filing of the original petition. Thus, we find that Ms. Hodson failed to prove the existence of an oral contract by a preponderance of corroborating evidence. Consequently, the trial court's award of $5,750.00 to Ms. Hodson for the cost of repairs is manifestly erroneous and must be reversed.
CONCLUSION
For the assigned reasons, we reverse the trial court's judgment in favor of plaintiff, Marjorie Hodson, casting defendant, Daron Cavaness Builder, Inc., with the payment of $5,750.00, together with legal interest and court costs. Further, we hereby dismiss, with prejudice, Marjorie Hodson's lawsuit against Daron Cavaness Builder, Inc. All costs of this appeal are assessed to plaintiff-appellee, Marjorie Hodson.
REVERSED.
Holdridge, J., concurs with reasons
HOLDRIDGE, J., concurs.
I respectfully concur with the report. I agree with the majority that the plaintiff failed to prove an oral contract existed which required the defendant to repair the plaintiff's floor. However, I do find that an oral contract existed wherein the defendant agreed to inspect the floor and investigate the cause of the damage to the floor. Clearly, the defendant breached that contract. However, the plaintiff failed to prove the amount of damages, if any, were caused by that breach.

We see no issue regarding the expiration of warranties pursuant to the NHWA, because a builder and homeowner may enter into a collateral agreement regarding additional repairs/remedies outside of the exclusive minimum required warranties in the NHWA. See Allemand v. Discovery Homes, Inc. , 2009-1565 (La. App. 1st Cir. 5/28/10), 38 So.3d 1183, 1188 ; Barnett v. Watkins , 2006-2442 (La. App. 1st Cir. 9/19/07), 970 So.2d 1028, 1035, writ denied, 2007-2066 (La. 12/14/07), 970 So.2d 537. See also Primeaux v. Bennett Homes, Inc. , 339 So.2d 1251, 1254 (La. App. 1st Cir. 1976).