STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 18-105


BRITTANY M. BOQUET

VERSUS

NICOLE L. BOQUET



**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 103106
HONORABLE DAVID BLANCHET, DISTRICT JUDGE

**********

SYLVIA R. COOKS

JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett and Billy H. Ezell, Judges.


APPEAL DISMISSED.



Ann Dore Latour
Attorney at Law
405 W. Main St.
Lafayette, LA 70501
(337) 235-3878
COUNSEL FOR DEFENDANT/APPELLEE:
    Sawyer Rayne Boquet

**Henry Adams, III**
**Adams & Associates, LLC**
**905 The Boulevard**
**Rayne, LA 70578**
**(337) 334-8600**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Nicole L. Boquet**

**Bhyllie J. Mouton**
**Shane M. Mouton**
**Mouton & Mouton Law Firm, LLC**
**905 The Boulevard**
**Rayne, LA 70578**
**(337) 334-8600**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Nicole L. Boquet**

**Danielle N. Thompson**
**The Thompson Law Office, LLC**
**2901 Johnston St., Ste 301**
**Lafayette, LA 70503**
**(337) 534-8761**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Brittany M. Boquet**

**COOKS, Judge.**

Appellant, Brittany M. Boquet, filed an appeal from the trial court's ruling of September 8, 2017, which granted the exception of prescription filed by Appellee, Nicole L. Boquet and from the order denying her motion for new trial. The trial court signed an order on November 8, 2017, designating these judgments as final and appealable. Upon the lodging of the record, this court, on its own motion, issued the instant rule for Brittany to show cause, by brief only, why her appeal should not be dismissed "because this 'judgment is sufficiently unclear so as to render this matter improperly before us on review,'" citing *State v. White*, 05-718, p. 2 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146. For the reasons assigned, we dismiss this appeal without prejudice.

Brittany and Nicole entered into a same-sex marriage on December 18, 2014. On February 5, 2016, Nicole gave birth to Sawyer Rayne Boquet. On March 10, 2017, Brittany and Nicole separated.

The instant action was initiated with the filing of Brittany's Petition for Divorce and Termination of the Matrimonial Regime. Subsequently, on April 28, 2017, Brittany filed her Petition for Declaratory Judgment and Disavowal. In this latter pleading, Brittany sought a judicial declaration that she "is not the legal or biological father of the minor child."[1]

In response to this petition, Nicole filed the Peremptory Exception of Prescription.[2] A contradictory hearing was conducted by the trial court, and on September 8, 2017, the trial court signed a written judgment which states in pertinent part:

---

[1] An attorney is representing the interests of the minor child.

[2] Nicole also filed the Peremptory Exception of No Right of Action and the Peremptory Exception of No Cause of Action, both of which the trial court denied in the same judgment sought to be appealed herein. The minor child's counsel has filed her Answer to Petition for Declaratory Judgment and Disavowal.

**IT IS FURTHER ORDERED** that this Court grants Nicole L. Boquet's Peremptory Exception of Prescription and assesses costs for the Exception to Brittany M. Boquet.

. . . .

**IT IS FURTHER ORDERED** that this court assesses costs associated with the filing of the Petition for Declaratory Judgment and Disavowal filed by Brittany M. Boquet and the costs associated with the Court appointment of Ann D. Latour for the interests of the minor child to Brittany M. Boquet.

Brittany filed a motion for new trial which was opposed by Nicole. The trial court signed a judgment denying the motion for new trial on October 9, 2017.

Brittany then filed her Motion and Order to Designate the Judgments as Final, Appealable Judgments. Paragraph 7 of this pleading reads, "The judgments dismiss the Petition for Declaratory Judgment and Disavowal Action in its entirety and there are no unresolved issues in the Petition for Declaratory Judgment and Disavowal to be litigated." The pleading acknowledged that a divorce had not yet been granted such that Brittany was having to continue to pay child support, thereby allegedly causing Brittany irreparable injury. The motion concludes, "**WHEREFORE**, Plaintiff, **BRITTANY M. BOQUET**, moves this Honorable Court to designate the judgment rendered on August 9, 2017 and signed on September 8, 2017, and the judgment Denying Motion for New Trial signed on October 9, 2017 final and appealable judgments."

The trial court signed the order attached to this pleading which reads:

**CONSIDERING** the Plaintiff's, **BRITTANY M. BOQUET**, MOTION AND ORDER TO DESIGNATE THE JUDGMENTS AS FINAL, APPEALABLE JUDGMENTS,

**IT IS HEREBY ORDERED** that this Court designate [sic] the judgment rendered on August 9, 2017 and signed by Honorable Judge David A. Blanchet on September 8, 2017 which granted the defendant's exception of prescription a final, appealable judgment.

**IT IS HEREBY ORDERED** that this Court designate [sic] the judgment denying Motion for New Trial signed on October 9, 2017 by Honorable Judge David A. Blanchet a final, appealable judgment.

**THUS DONE AND SIGNED** in Lafayette, Lafayette Parish, Louisiana, this 8th day of Nov [sic], 2017.

2

As stated above, upon the lodging of the appellate record, this court issued a rule for Brittany to show cause why the appeal should not be dismissed. Brittany's response to this court's rule was filed on February 21, 2018.

In the response, Brittany points out that paragraph 7 of the motion seeking designation of the judgment granting the exception of prescription as immediately appealable states that the granting of the exception resulted in the dismissal of her Petition for Declaratory Judgment and Disavowal in its entirety. Therefore, considering this statement, the fact that the original judgment assessed all costs associated with that claim against Brittany, and the fact that the trial court designated the judgment final and appealable, Brittany contends that the judgment is now sufficiently clear enough to permit appellate review.

In *Thomas v. Lafayette Parish School System*, 13-91, p. 2 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055, 1056 (emphasis added), citing *Vanderbrook v. Coachmen Industries, Inc.*, 01-899 (La.App. 1 Cir. 5/10/02), 818 So.2d 906, this court stated that "a judgment cannot require reference to **extrinsic** documents or **pleadings** in order to discern the court's ruling." Louisiana Code of Civil Procedure Article 852 states, in pertinent part, "The pleadings allowed in civil actions, whether in a principal or incidental action, . . . shall consist of petitions, exceptions, written motions, and answers." Brittany argues that because her **motion** for the designation of the judgment indicated in paragraph 7 that the disavowal action was being dismissed in its entirety, the judgment is now sufficiently clear enough to permit appellate review of the judgment because this court can consider the statements made in the motion to understand the trial court's ruling.

A judgment is not included in the list of documents that the Louisiana Code of Civil Procedure considers to be pleadings, but a motion is. Therefore, Brittany's argument that this court should consider the statements made in her motion in construing the meaning to be assigned to the trial court's judgment violates the rule

3

that courts are not to consider "extrinsic . . . pleadings in order to discern the court's ruling." *Thomas*, 128 So.3d at 1056. Accordingly, we find no merit to this argument.

Additionally, we find no merit to the assertion that a designation of the judgment as final pursuant to La.Code Civ.P. art. 1915(B) suffices to render the judgment sufficiently clear enough for appellate review. To the contrary, we find that the judgment must first contain proper decretal language in order to be capable of designation as final and appealable under Article 1915(B). As the judgment does not provide appropriate decretal language, we hold that the judgment as currently worded is not capable of being designated final and appealable.

Finally, we observe that an order denying a motion for new trial is interlocutory and is incapable of being appealed, even if the trial court attempts to designate the ruling as final and appealable. *See Shelton v. Pavon*, 16-758 (La.App. 4 Cir. 2/15/17), 212 So.3d 603, *affirmed*, 17-482 (La. 10/18/17), ___ So.3d ___. The denial of a motion for new trial is reviewable in on appeal as an assignment of error in the unrestricted appeal of the final, appealable judgment to which it relates. *See Bailey v. Robert V. Neuhoff Ltd. P'ship*, 95-616 (La.App. 1 Cir. 11/9/95), 665 So.2d 16, *writ denied*, 95-2962 (La. 2/9/96), 667 So.2d 534. Thus, we decline to exercise this court's supervisory jurisdiction to review the denial of the motion for new trial finding that once a final judgment with proper decretal language has been rendered by the trial court, review of the denial of the motion for new trial can be obtained by assigning this issue as error in the appeal of the final judgment to which it relates.

Therefore, for the above reasons, we dismiss the appeal without prejudice. This matter is remanded to the trial court for further proceedings in accordance with this court's ruling.

**APPEAL DISMISSED.**