## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 1292
and
2023 CW 0661

U.S. BANK NATIONAL ASSOCIATION, NOT IN
ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE
FOR THE RMAC TRUST, SERIES 2018 G-CTT

VERSUS

EDWARD MOSES JR.

Judgment Rendered: **AUG 2 0 2024**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C722566, Section 24

The Honorable Donald R. Johnson, Judge Presiding

* * * * *

Edward Moses, Jr.
Baton Rouge, Louisiana

Appellant/Defendant/Relator
In Proper Person

John C. Morris, III
Monroe, Louisiana

Attorney for
Appellee/Plaintiff/Respondent
U. S. Bank National Association, not
in Its Individual Capacity but Solely
as Trustee for the RMAC Trust,
Series 2018 G-CTT

* * * * *

**BEFORE: WELCH, WOLFE, AND STROMBERG, JJ.**

Welch, J. concurs without reasons

**STROMBERG, J.**

This appeal and writ concern an executory proceeding in which the defendant filed a reconventional demand seeking injunctive relief to arrest the seizure and sale of the property. The plaintiff responded by filing dilatory and peremptory exceptions as to the reconventional demand. The district court signed a judgment denying the request for injunctive relief and also signed a judgment sustaining the exceptions. The defendant then filed a motion for new trial as to those judgments, which the district court denied. The defendant appeals from and seeks a supervisory writ as to the denial of his motion for new trial. For the reasons given, we deny the writ application; vacate that part of the judgment denying the request for a permanent injunction; affirm that part of the judgment denying the request for a preliminary injunction and dissolving the temporary restraining order (TRO); and remand the matter.

## FACTS AND PROCEDURAL BACKGROUND

On August 23, 2022, U.S. Bank National Association, not in Its Individual Capacity but Solely as Trustee for the RMAC Trust, Series 2018 G-CTT ("U.S. Bank"), filed a verified executory process petition naming Edwin Moses, Jr. as a defendant. The executory process was based on Moses' alleged default on a promissory note ("the Note") that he executed on July 28, 2011, in the amount of $187,649.00 payable to Mortgage Research Center, LLC d/b/a VaMortgageCenter.com ("Mortgage Research"). To secure the Note, Moses executed a mortgage ("the Mortgage") by authentic act on the same date, encumbering the immovable property located at 1150 Sherwood Forest Boulevard, Baton Rouge, Louisiana 70815 ("the Property"). The Note was paraphed for

2

identification with the Mortgage, and a certified copy of the Mortgage was attached to U.S. Bank's petition.[1]

In its petition for executory process, U.S. Bank alleged that the Note was bearer paper, which could be negotiated by transfer of possession alone. U.S. Bank alleged it had possession of the Note and attached the original Note to its petition. An allonge was attached to the Note, which set forth the loan date of July 28, 2011; the borrower's name of Moses; the property address of 1150 Sherwood Forest Boulevard in Baton Rouge, Louisiana; and the principal balance of $187,649.00.[2] Beneath that information was the language: "**PAY TO THE ORDER OF** WELLS FARGO BANK, N.A. **Without Recourse.**" Following that language was the company name, Mortgage Research, followed by the signature of James Carr, whose title was Post-Closing Manager for Mortgage Research. The allonge also bore a stamp, which stated: "**WITHOUT RECOURSE PAY TO THE ORDER OF WELLS FARGO BANK, N.A.**," signed by Scott M. Swanson, the Assistant Vice President of Wells Fargo Bank, N.A. In its petition, U.S. Bank alleged that the endorsement of the Note by Wells Fargo Bank, N.A. was a blank endorsement, rendering the Note bearer paper.

U.S. Bank alleged that Moses failed to pay the monthly installments on the Note and Mortgage when due, and also failed to pay them after notice of default, leaving a principal balance of $157,375.27, along with interest, attorney's fees, costs, and other additional amounts. U.S. Bank sought an order directing the issuance of a writ of seizure and sale, which was signed by the district court on September 21, 2022.

---

[1] Among other items, the mortgage contained a confession of judgment; a *pact de non aliendo*; waivers of appraisement and the homestead exemption; and a right to accelerate for nonpayment.

[2] As a general matter, an allonge is a piece of paper annexed to a promissory note on which to write endorsements for which there is no room on the instrument itself. It must be so firmly affixed so as to become a part thereof. **Wells Fargo Bank, N.A. v. Settoon**, 2012-1980 (La. App. 1 Cir. 6/7/13), 120 So.3d 757, 760.

On December 2, 2022, Moses, "in proper person, not in his individual capacity but solely as trust protector of the Atakapa Indian 'TRIBE OF [FOUR SYMBOLS]MOSES' (foreign) Express Spendthrift Trust" ("the Trust"), filed a reconventional demand seeking a TRO and preliminary and permanent injunctions to arrest the seizure and sale of the Property pursuant to La. C.C.P. art. 2751.[3] As grounds for enjoining the seizure and sale, Moses alleged that U.S. Bank filed an unverified petition seeking executory process; lacked standing; was not the true owner of the Note; falsely alleged the blank endorsement of the Note; and engaged in criminal or fraudulent conduct. Moses also alleged that U.S. Bank's attorney falsely certified the allegations of the petition, for which he sought sanctions under La. C.C.P. art. 863.[4]

Moses further alleged that he had transferred the Property to the Trust on June 22, 2022, and he asserted that a permanent injunction protected his possession of the Property.[5] To support his allegation, Moses attached a certified copy of a deed wherein he transferred his interest in the Property to the Trust entitled "Atakapa Indian **'TRIBE OF [FOUR SYMBOLS]MOSES'** (Foreign) IRREVOCABLE EXPRESS SPENDTHRIFT TRUST," which he executed on

---

[3] Louisiana Code of Civil Procedure article 2751 provides: "The defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the security interest, mortgage, or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed."

[4] Louisiana Code of Civil Procedure article 863 provides, in pertinent part, that every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, and that signature constitutes a certification that the attorney has read the pleading; the pleading is not being presented for any improper purpose; each claim, defense, or other legal assertion is warranted under the law; and each allegation or factual assertion has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation. If a certification is made in violation of these provisions, the court shall impose an appropriate sanction.

[5] Moses' actions involving the Trust are set forth in more detail in **In re: Atakapa Indian de Creole Nation**, 22-539-BAJ-RLB (M.D. La. 10/19/22), 2022 WL 16839499, report and recommendation adopted *sub nom.*, **Atakapa Indian de Creole Nation**, 22-00539-BAJ-RLB (M.D. La. 11/9/22), 2022 WL 16838786.

4

June 22, 2022, before a notary public and two witnesses.[6] Moses alleged that, as the trust protector of the Trust, he had the authority to act, and he attached to his reconventional demand an order pertaining to the Trust that decreed that any notes or negotiable instruments contradicting the authority under the Trust were null.[7] He also attached to his reconventional demand an order pertaining to the Trust prohibiting judges or law enforcement from enforcing laws within the Atakapa Nation.[8]

In his reconventional demand, the relief Moses sought included a TRO as to all claims against him as "trust protector" of the Trust and preliminary and permanent injunctive relief arresting the seizure and sale of the Property. Moses

---

[6] Moses attached several documents pertaining to the Trust to his memorandum in support of his reconventional demand. We note that the name of the Trust varies slightly in the exhibits filed in this matter. Moses attached to his memorandum an "EX PARTE PETITION and APPLICATION for TRUST INSTRUCTION" that he filed as "trust protector of the Atakapa Indian D'Creole Nation," on December 7, 2020, in docket number 136811 in the Sixteenth Judicial District Court for Iberia Parish, State of Louisiana. He also attached the order ("the Iberia Parish Trust Order") that the district court signed on December 8, 2020, which decreed in part that the Trust was a foreign trust "'governed by the law of Moses, a jurisdiction other than Louisiana'" and the Trust instrument was "deemed to be legally executed and shall have the same force and effect in this state as if executed in the manner prescribed by the laws of this state."

[7] The Iberia Parish Trust Order decreed that "as all powers … have now been lawfully conveyed to the CHRISTIAN EMPEROR D'ORLEANS [Moses] … any negotiable instruments, … [or] notes … that [contradict] the authority and rights of the Covenant of One Heaven are automatically null … from the beginning, having no … legal validity …." Additionally, the Iberia Parish Trust Order stated, "CHRISTIAN EMPEROR D'ORLEANS [Moses], trust protector of the [Trust] … has full authority to act …."

[8] Moses attached a "FINAL JUDGMENT" signed on December 8, 2021, in docket number C-713366 in the Nineteenth Judicial District Court for East Baton Rouge Parish which, in pertinent part, made the December 8, 2020 Iberia Parish Trust Order "executory in the [Nineteenth] Judicial District" ("the East Baton Rouge Parish Trust Judgment"). Moses also attached a seventeen-page "AMENDED ORDER" signed by the Nineteenth Judicial District Court on June 29, 2022 ("the East Baton Rouge Parish Amended Trust Judgment") in that matter, which set forth extensive orders, including enjoining "judges, … sheriffs, deputy sheriffs, [and] constables … from executing and/or enforcing the laws of the State or Federal Government … or serving process, or doing anything towards the execution or enforcement of those laws, within the Atakapa Nation." The East Baton Rouge Amended Trust Judgment appointed "[Moses] as judge ad hoc;" permitted the Trust to issue currency and notes in minimum denominations of $250,000.00 as well as securities; and granted "Emperor Moses" ownership of "Historic Louisiana" and its natural and civil fruits, buildings, and plantings. Moses also attached an order from this court issued on May 20, 2022, which granted a writ to vacate a January 7, 2022 order issued by the Nineteenth Judicial District Court vacating the East Baton Rouge Parish Trust Judgment. See In re Atakapa Indian de Creole Nation, 2022-0208 (La. App. 1 Cir. 5/20/22), 2022 WL 1599997 (unpublished writ action).

also filed a motion seeking a TRO and requesting that the district court set a hearing on the application for injunctive relief. The district court signed the TRO on January 4, 2023, "protecting [Moses'] full authority to act under … the … Trust by [TEMPORARILY] RESTRAINING all claims from any person both juridical and natural." The district court's order further set Moses' request for preliminary injunction for hearing on March 27, 2023.

Thereafter, on January 10, 2023, Moses, "not in his individual capacity but solely as trust protector of the Atakapa Indian [Trust]" filed a "SUPPLEMENTAL AND AMENDED PETITION-IN-RECONVENTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND TO SET HEARING ON [PERMANENT] INJUNCTION, DAMAGES FOR WRONGFUL SEIZURE (state law), ABUSE OF PROCESS, FRAUD, CONVERSION, VIOLATION OF 1983 MALICIOUS PROSECUTION." Moses added Dean Morris, LLC ("Dean Morris"), U.S. Bank's counsel, as a defendant-in-reconvention. Moses reiterated the allegations of his original reconventional demand and further alleged that due to the combined fault and/or negligence of U.S. Bank and Dean Morris in causing an illegal seizure, he suffered damages, including mental pain and anguish, medical expenses, and inconvenience due to the loss of his property. Accordingly, he prayed for the same relief requested in his original reconventional demand and, additionally, for the cancellation of the Note and Mortgage and an award of damages and interest.[9] Moses also filed an "AMENDED ORDER," pursuant to which the district court set the hearing for permanent injunctive relief on March 27, 2023, which was the same date that the district court set the preliminary injunction for hearing.

---

[9] The record does not contain a motion for leave of court filed by Moses to amend his reconventional demand.

On March 7, 2023, U.S. Bank filed the following exceptions to Moses' reconventional demand: a dilatory exception raising the objections of improper cumulation of actions and the objection of improper use of summary process and a peremptory exception raising the objection of no cause of action. U.S. Bank alleged that Moses' reconventional demand for damages required ordinary process and could not be asserted in the executory process proceeding, citing La. C.C.P. art. 462(2), which allows a plaintiff in reconvention to cumulate multiple actions against the same defendant in the same action if the actions are mutually consistent and employ the same form of procedure. U.S. Bank further argued that Moses failed to articulate why he was entitled to damages or how U.S. Bank and its representative engaged in criminal or fraudulent conduct. U.S. Bank sought the dismissal of Moses' reconventional demand, but its exceptions specifically pertained to Moses' claims for damages in his reconventional demand. The exceptions were set for hearing on March 27, 2023.

On March 7, 2023, U.S. Bank also filed a memorandum in opposition to Moses' reconventional demand. It argued the TRO should be dissolved because La. C.C.P. art. 2752 forbids the issuance of a TRO to enjoin an executory proceeding.[10] Furthermore, U.S. Bank contended that Moses had not alleged any legal basis for arresting the seizure and sale and urged that it had the right to enforce the Note and Mortgage as the holder of the Note and by virtue of a blank endorsement from Wells Fargo Bank, N.A.

On March 23, 2023, Moses, in his capacity as "Trust Protector of the 'TRIBE OF [FOUR SYMBOLS]MOSES,'" filed a motion for continuance, seeking to reset the March 27, 2023 hearing on the preliminary injunction and U.S.

---

[10] Louisiana Code of Civil Procedure article 2752(A) states, in pertinent part, "[A] temporary restraining order shall not issue to arrest the seizure and sale of immovable property, but the defendant may apply for a preliminary injunction in accordance with Article 3602."

Bank's exceptions to May 8, 2023.[11] Moses alleged he had not been served with the dilatory exception raising the objection of improper use of summary proceedings.

At the scheduled hearing on Moses' TRO, request for a preliminary injunction, and request for a permanent injunction, and U.S. Bank's exceptions on March 27, 2023, the district court initially addressed Moses' motion to continue. Although Moses in his request for a continuance did not refer to all of U.S. Bank's exceptions, the district court continued the hearing on all of the exceptions and reset it for March 29, 2023. The district court then heard arguments pertaining to the TRO and Moses' request for injunctive relief and took those matters under advisement. On March 29, 2023, the district court heard U.S. Bank's exceptions and took the matters under advisement.

On March 30, 2023, the district court signed two judgments. The first judgment denied Moses' request for preliminary and permanent injunctions to arrest the seizure and sale of the Property and dissolved the TRO. In the second judgment, which concerned U.S. Bank's exceptions, the district court sustained the dilatory exception raising the objections of improper cumulation of actions and improper use of summary process, and sustained the peremptory exception raising the objection of no cause of action.[12]

---

[11] Apparently Moses had filed a prior motion to continue this hearing, but the appellate record does not contain the prior motion. According to an unopposed motion to continue filed by U.S. Bank, Moses had filed a *"Motion for Extension of Hearing for Injunctive Relief, Supplemental and Amending Petition-In-Reconvention for TRO, Preliminary Injunction and to Set Hearing,"* which was set for hearing on January 30, 2023. The district court granted U.S. Bank's motion to continue the hearing on Moses' motion and reset the hearing for March 27, 2023.

[12] Both judgments also sustained U.S. Bank's objection to Exhibits 1 and 4, which were the Trust instrument and Moses' affidavit with documents attached, respectively, that Moses asked to offer, file, and introduce into evidence. Additionally, in the second judgment, the district court also denied the "EX PARTE EMERGENCY MOTION FOR RECEIVERSHIP APPOINTMENT" "in aid of execution of the trust judgment" that Moses filed on March 17, 2023, and which Moses argued before the district court on March 29, 2023. Notice of the two March 30, 2023 judgments was mailed on April 3, 2023.

On April 6, 2023, Moses filed a motion for new trial, arguing the district court's judgments were contrary to the law and the evidence.[13] Moses contended that the district court erred in denying his request for injunctive relief and dissolving the TRO because U.S. Bank did not follow the proper procedure for an executory proceeding, alleging that the Note was not bearer paper. He further argued that because he had purportedly transferred the Property to the Trust, U.S. Bank improperly sued him in his individual capacity, and/or U.S. Bank failed to join the Trust, which he asserted was an indispensable party and a proper party defendant. Moses next argued that the district court erred in sustaining U.S. Bank's exceptions, as separate trials could have been ordered on his reconventional demand, and that he should have been permitted to amend his pleadings.[14] He attached a Trust extract document dated January 5, 2021 to his motion along with the documents he attached to his reconventional demand.[15]

U.S. Bank opposed the motion for new trial, asserting that Moses failed to produce new evidence, to provide reasons why the judgment was contrary to the law and the evidence, and to demonstrate how the district court abused its discretion. U.S. Bank attached a screenshot from the online Louisiana State Bar

---

[13] Moses' motion for new trial does not refer to a specific judgment and begins by asking the district court for a new trial to arrest the seizure and sale of the Property. U.S. Bank on appeal contends that the motion did not refer to the judgment on the exceptions. However, Moses' memorandum supporting his new trial motion refers to the judgment on U.S. Bank's exceptions and the judgment on the injunctive relief.

[14] In Moses' motion for new trial, he also argued that the district court erred in sustaining U.S. Bank's objection to entering the Trust instrument and his affidavit into evidence. Moses further argued that the district court erred in denying a motion he filed to place funds in the registry of the court, wherein he sought to deposit the Trust's central bank money "which may be claimed" by U.S. Bank if the court found that U.S. Bank was the true owner of the note. The district court heard the motion on March 29, 2023, but the judgments and the transcript from the hearing do not contain a ruling on it.

[15] On April 17, 2023, Moses filed an "EMERGENCY MOTION FOR TELEPHONE STATUS CONFERENCE" with an attached memorandum in support, where for the first time he stated that the parties in this case did not stipulate that the preliminary and permanent injunctions would be decided together so the district court could not dismiss his request for permanent injunctive relief. On May 3, 2023, Moses filed a supplemental memorandum in support of his motion for new trial wherein he argued that by failing to make the trustee of the Trust a party to the foreclosure proceeding, the two March 30, 2023 judgments were absolutely null.

9

Association Membership Directory showing that Moses was a state bar member to support its statement that while the courts must grant vast deference to *pro se* litigants, Moses was licensed to practice law.[16]

Moses filed a reply to U.S. Bank's opposition, wherein, among other arguments, he contended that the parties did not stipulate that his request for a preliminary injunction and for a permanent injunction would be decided together, and therefore, the district court could not dismiss his request for a permanent injunction.

The district court held a hearing on Moses' motion for new trial on June 5, 2023. The district court denied the motion in open court and requested a written judgment. On June 8, 2023, Moses filed a notice of intent to apply for a supervisory writ as to the denial of his motion for new trial. He also requested a stay, which the district court denied. On June 26, 2023, the district court signed a judgment, denying Moses' motion for new trial and "designat[ing] this judgment as a FINAL judgment."

On July 10, 2023, Moses filed an application for a supervisory writ, contending that the district court erred in denying his motion for new trial; excluding the Trust instrument from evidence; failing to dismiss U.S. Bank's executory process petition for nonjoinder of an indispensable party; dissolving the TRO and simultaneously denying his request for preliminary and permanent injunctions; denying his motion to continue; and sustaining U.S. Bank's peremptory exception raising the objection of no cause of action and the dilatory exception raising the objections of improper use of summary proceedings and improper cumulation. Moses asked this court to reverse the denial of his motion for new trial, reverse and set aside the September 21, 2022 order granting the

---

[16] We note that the Louisiana Supreme Court issued an opinion ordering that Moses be suspended from the practice of law on a reciprocal basis for a period of one year. **In re Moses**, 2024-00295 (La. 5/29/24), 385 So.3d 693, 695 (*per curiam*).

seizure and sale of the Property, overrule U.S. Bank's peremptory exception raising the objection of no cause of action, reverse and vacate the dissolution of the TRO and the denial of his request for preliminary and permanent injunctions, and "sever the preliminary and permanent injunction[s]."

Moses requested a stay from this court. On October 16, 2023, this court denied the request for a stay and referred the writ application to the panel to which the appeal in this matter was assigned.[17] **U.S. Bank National Association v. Moses**, 2023-0661 (La. App. 1 Cir. 10/16/23) (unpublished writ action), <u>writ denied</u>, 2023-01510 (La. 1/17/24), 377 So.3d 247.

On August 25, 2023, Moses filed a motion for devolutive appeal from the June 26, 2023 judgment denying the motion for new trial.

## DISCUSSION

### Subject Matter Jurisdiction

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte,* even when the parties do not raise the issue. **Dunbar v. Howard**, 2021-1171 (La. App. 1 Cir. 8/16/22), 348 So.3d 738, 743. Our appellate jurisdiction extends to "final judgments," which are those that determine the merits in whole or in part, and to interlocutory judgments when expressly allowed by law. La. C.C.P. arts. 1841 and 2083. We will initially consider whether we have subject matter jurisdiction over the appeal in this case.

Moses' motion for appeal refers to the judgment denying his motion for new trial. The established rule in this circuit is that the denial of a motion for new trial is an interlocutory and non-appealable judgment. **Jackson v. Wise**, 2017-1062 (La. App. 1 Cir. 4/13/18), 249 So.3d 845, 849, <u>writ denied</u>, 2018-0785 (La.

---

[17] In conjunction with his supervisory writ application, Moses also filed a peremptory exception raising the objection of nonjoinder of an indispensable party with this court on July 14, 2024, contending that the trustee of the Trust should have been joined as a defendant in this litigation. This court denied the exception on October 16, 2023. **U.S. Bank National Association v. Moses**, 2023-0661 (La. App. 1 Cir. 10/16/23) (unpublished writ action), <u>writ denied</u>, 2023-01510 (La. 1/17/24), 377 So.3d 247.

11

9/21/18), 252 So.3d 914. Although the district court designated the judgment denying the motion for new trial as a "FINAL judgment," the denial of a motion for new trial is interlocutory and is incapable of being appealed, even if the district court attempts to designate the ruling as final and appealable. **Russell v. Liberty Mutual Fire Insurance Co.**, 2023-0198 (La. App. 4 Cir. 9/14/23), 373 So.3d 83, 87-88; **Boquet v. Boquet**, 2018-105 (La. App. 3 Cir. 3/21/18), 241 So.3d 1127, 1130.

However, the Louisiana Supreme Court has directed us to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits as well, when it is clear from the appellant's brief that he intended to appeal the merits of the case. **Jackson**, 249 So.3d at 849-50. Furthermore, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the final judgment. **Jackson**, 249 So.3d at 850. Thus, the interlocutory denial of a motion for new trial is subject to review on appeal in connection with the review of an appealable judgment in the same case. **Jackson**, 249 So.3d at 850.

From Moses' brief, it is clear that he intended to appeal the merits of the case; therefore, the jurisprudential rule requiring us to consider the appeal of the judgment on the merits applies.[18] See **Jackson**, 249 So.3d at 849-50. We will treat Moses' appeal as an appeal from the March 30, 2023 judgments, one which

---

[18] Moses' statement of jurisdiction in his appellant brief refers to the two judgments signed on March 30, 2023, in addition to the new trial judgment signed on June 26, 2023. His assignments of error, arguments, and the conclusion in his brief refer to the district court's denial of his request for injunctive relief in one of the March 30, 2023 judgments and to its grant of the peremptory exception raising the objection of no cause of action in the other March 30, 2023 judgment. He urges no assignments of error or arguments as to the district court's denial of his motion for new trial although the basis of his contentions on appeal and in his motion for new trial are the same.

12

denied injunctive relief and one which sustained U.S. Bank's exceptions. Thus, we must also consider whether those underlying judgments are final and appealable.

As to the judgment which denied Moses' request for preliminary and permanent injunctions, an appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction. See La. C.C.P. art. 3612(B).[19] Therefore, the judgment denying Moses' request for preliminary and permanent injunctions is an appealable judgment, and we have jurisdiction to review that judgment on appeal.

As to the other March 30, 2023 judgment that underlies the motion for new trial, the judgment sustaining U.S. Bank's exceptions, we must consider whether that judgment is a final appealable judgment. The judgment sustained U.S. Bank's peremptory exception raising the objection of no cause of action and its dilatory exception raising the objections of improper cumulation of actions and improper use of summary proceedings, which had requested the dismissal of Moses' reconventional demand. However, the judgment simply stated that each exception was sustained without specifying what relief was granted as to the reconventional demand.

Louisiana Code of Civil Procedure article 1915 authorizes the immediate appeal of partial final judgments. **Motorola, Inc. v. Associated Indemnity Corp.**, 2002-0716 (La. App. 1 Cir. 4/30/03), 867 So.2d 715, 717. In this regard, La. C.C.P. art. 1915(A) provides, in pertinent part:

> A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
>
> (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
>
> . . .

_____

[19] Louisiana Code of Civil Procedure article 3612(B) states, "An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction...."

(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.

A reconventional demand is an incidental demand. See La. C.C.P. art. 1031(B). Furthermore, the court may order the separate trial of the principal and incidental actions, either on exceptions or on the merits, and may render and sign a separate judgment relative to an incidental demand. See La. C.C.P. art. 1038. In **Motorola**, the granting of the defendant-insurer's motion for summary judgment dismissed the plaintiff's claims against the defendant-insurer and further granted the defendant-insurer all of the relief requested in its reconventional demand, wherein the defendant-insurer had sought a declaratory judgment that it had no obligation to either defend and/or indemnify the plaintiff. **Motorola**, 867 So.2d at 718. As the judgment dismissed one party from the principal demand and resolved all issues between the parties to the defendant-insurer's reconventional demand, this court found it was a partial final judgment immediately appealable under both La. C.C.P. art. 1915(A)(1) and (A)(3) in the context of either demand. **Motorola**, 867 So.2d at 721; see also **Oat Trustee, LLC as Trustee for Girod Titling Trust v. Elite Investment Group LLC**, 2022-0299 (La. App. 1 Cir. 6/21/22), 2022 WL 2230867, *1 (unpublished writ action) (noting the portion of the district court's judgment that sustained a peremptory exception raising the objection of *res judicata* and dismissed the reconventional demands with prejudice was a final appealable judgment). Thus, in the instant appeal, if the district court's judgment sustaining U.S. Bank's exceptions dismissed the entirety of Moses' reconventional demand against U.S. Bank, the judgment would be a partial final judgment.

On August 28, 2023, this court issued an interim order in response to Moses' supervisory writ application wherein this court stated that the March 30, 2023 judgment that sustained the exceptions and the March 30, 2023 judgment that denied the request for injunctive relief could be final appealable judgments to the

14

extent they dismissed the reconventional demand filed by Moses in its entirety. Because the judgments did not indicate if they dismissed the reconventional demand in its entirety, this court ordered the parties to file briefs with this court on that issue and invited the district court to provide a *per curiam* to this court in which it "gives explicit reasons as to whether the March 30, 2023 judgments resulted in the complete dismissal of the reconventional demand filed by [Moses] and whether those judgments are final and appealable." **U.S. Bank National Association v. Moses**, 2023-0661 (La. App. 1 Cir. 8/28/23) (unpublished action). While U.S. Bank and Moses filed response briefs in which they contended that the judgment denying Moses' request for injunctive relief was an appealable judgment pursuant to La. C.C.P. art. 3612 and the judgment sustaining U.S. Bank's exceptions did not adjudicate all of Moses' claims in his reconventional demand, this court received no response from the district court. Therefore, because it is unclear whether the reconventional demand against U.S. Bank was dismissed in its entirety, we cannot consider the judgment on U.S. Bank's exceptions to be a partial final judgment pursuant to La. C.C.P. art. 1915(A). The judgment is also not a final judgment for purposes of an immediate appeal pursuant to La. C.C.P. art. 1915(B)(1) and (2) because the district court did not designate the judgment "as a final judgment … after an express determination that there is no just reason for delay." As earlier stated, we have already determined that the judgment denying Moses' request for injunctive relief was appealable pursuant to La. C.C.P. art. 3612(B) because it relates to preliminary and permanent injunctions. Thus, the only final appealable judgment before this court is the March 30, 2023 judgment denying Moses' request for injunctive relief.

## Writ Application

Moses also filed a notice of intent to seek a supervisory writ as to the judgment denying his motion for new trial, which, as discussed earlier, partly

15

concerned the underlying judgment sustaining U.S. Bank's exceptions. Because the judgment sustaining the exceptions is a non-appealable judgment and involves interlocutory rulings, we note that a motion for new trial does not serve to extend the delays for filing a writ from the district court's interlocutory rulings. Therefore, Moses' request for this court's supervisory review of the interlocutory rulings is untimely.[20] See **State By and Through Caldwell v. Teva Pharmaceuticals Industries, Ltd.**, 2016-0990 (La. App. 1 Cir. 10/31/16), 2016 WL 6426505, *1 (unpublished writ action). Moreover, Moses' motion for new trial is not an authorized procedure for seeking review of interlocutory rulings. See **State By and Through Caldwell**, 2016 WL 6426505 at *1; **Allstate Insurance Co. v. Mohamadian**, 2009-1126 (La. App. 1 Cir. 2/17/10), 35 So.3d 1118, 1121. Therefore, Moses' writ application is denied insofar as it seeks review of that part of the district court's judgment denying Moses' motion for new trial regarding the judgment sustaining U.S. Bank's exceptions. The writ application is also denied to the extent it seeks review of the judgment sustaining U.S. Bank's exceptions.

**Merits of the Appeal**

Having determined that the only appealable judgment before this court is the judgment denying Moses' request for injunctive relief, we will now review the merits of Moses' appeal as to that judgment. On appeal, Moses contends that the district court erred in dissolving the TRO protecting the rights of the trustee, in

---

[20] A party intending to apply to this court for a supervisory writ shall give notice of such intention by requesting a return date to be set by the trial court, which shall not exceed thirty days from the date of the notice of judgment. See Uniform Rules—Courts of Appeal, Rules 4-2 and 4-3. In this case, the judgment on the motion for new trial was signed on June 26, 2023; notice of the judgment was mailed on June 28, 2023; Moses' notice of intent to seek a supervisory writ was filed on June 8, 2023; and the return date was set for and the writ was filed on July 10, 2023. While the notice of intent was filed within thirty days of the notice of the judgment of the denial of the motion for new trial, we must consider whether the notice of intent was filed within thirty days of the notice of the judgment sustaining the exceptions. The district court's judgment on the exceptions was signed on March 30, 2023, after the court took the matter under advisement, and notice of the judgment was mailed on April 3, 2023. The notice of intent to seek a supervisory writ was filed on June 8, 2023, beyond the thirty-day period set forth in Uniform Rules—Courts of Appeal, Rule 4-3.

16

denying his request for preliminary and permanent injunctive relief, and in granting U.S. Bank's petition to enforce the security interest, alleging that the secured debt was extinguished or legally unenforceable based on sovereign immunity.[21] An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law. La. C.C.P. art. 3601(A). A preliminary injunction is an interlocutory judgment designed to preserve the status quo between the parties pending a trial on the merits. **Stevens Construction & Design, L.L.C. v. St. Tammany Fire Protection District No. 1**, 2018-1759 (La. App. 1 Cir. 1/16/20), 295 So.3d 954, 957-58 (*en banc*), writ denied, 2020-00977 (La. 11/4/20), 303 So.3d 650. A preliminary injunction is issued in summary proceedings incidental to the main demand for permanent injunctive relief. **Concerned Citizens for Proper Planning, LLC v. Parish of Tangipahoa**, 2004-0270 (La. App. 1 Cir. 3/24/05), 906 So.2d 660, 664. Generally, a party seeking the issuance of a preliminary injunction must show that it will suffer irreparable injury if the injunction does not issue and must show entitlement to the relief sought; this must be done by a *prima facie* showing that the party will prevail on the merits of the case. **Concerned Citizens**, 906 So.2d at 664.

In contrast, the principal demand of the permanent injunction is determined on its merits only after a full trial in an ordinary proceeding, in which the party

---

[21] We will not consider the assignments of error Moses urges related to the other March 30, 2023 judgment sustaining U.S. Bank's exceptions, which as earlier discussed, is not an appealable judgment. As to that judgment, Moses contends that the district court erred in sustaining U.S. Bank's peremptory exception raising the objection of no cause of action and in denying his emergency motion for receivership appointment. We are aware that an appellant is entitled to review of adverse interlocutory rulings prejudicial to him in an unrestricted appeal of a final judgment. See **Rise St. James v. Louisiana Department of Environmental Quality**, 2023-0578 (La. App. 1 Cir. 1/19/24), 383 So.3d 956, 972 n.26. However, because we are vacating the part of the district court's judgment denying the permanent injunction and are only considering the merits of that part of the judgment denying the preliminary injunction, appellate review of the district court's interlocutory judgment sustaining the exceptions and denying the receivership motion is improper at this time. See **Hill v. Jindal**, 2014-1757 (La. App. 1 Cir. 6/17/15), 175 So.3d 988, 998 n.15, writ denied, 2015-1394 (La. 10/23/15), 179 So.3d 600.

17

seeking injunctive relief must carry its burden of proof by a preponderance of the evidence, rather than by a *prima facie* showing. See **Moore v. iDream Enterprises, Inc.**, 2022-0418 (La. App. 1 Cir. 12/14/23), 380 So.3d 625, 630, writ denied, 2024-00067 (La. 3/5/24), 380 So.3d 569. Nevertheless, parties may agree to consolidate the trial on the merits of a permanent injunction with the hearing on the preliminary injunction. **Moore**, 380 So.3d at 630. However, the parties must expressly agree to submit the case for final decision at the hearing on the rule for a preliminary injunction. See **Mary Moe, L.L.C. v. Louisiana Board of Ethics**, 2003-2220 (La. 4/14/04), 875 So.2d 22, 29; **Moore**, 380 So.3d at 630. Otherwise, even though the summary hearing on the rule for a preliminary injunction may tentatively decide merit issues, the district court must decide the principal demand for a permanent injunction on its merits only after a full trial under ordinary process. **Moore**, 380 So.3d at 630.

In this case, while the judgment states that Moses' request for preliminary and permanent injunctions to arrest the seizure and sale was denied and that the TRO was dissolved, there is no indication from the record on appeal that the parties stipulated that the trial of the permanent injunction was consolidated with the hearing on the preliminary injunction. All matters were set for hearing on March 27, 2023, as U.S. Bank alleges in its brief, noting that Moses by his own motion set the permanent injunction for hearing on that date. When the hearing began, the district court directed the parties to initially argue Moses' motion for a continuance as to all matters set for that date. The district court asked Moses what prevented him from going forward with "the request on the injunctive relief." When Moses responded that the parties wanted to "hear all of the matters at one time," the district court stated that "the residual matters" would be heard on March 30, 2023, and then said, "Let me hear your TRO." Moses then referred to his request for a preliminary injunction, to which U.S. Bank responded by arguing that

18

the district court should dissolve the TRO and it should be allowed to proceed with the sheriff's sale. In his response, Moses referred to his preliminary injunction request, and U.S. Bank countered by arguing that Moses had not made a *prima facie* case. At the end of the hearing, the district court initially told the parties to submit proposed judgments "on the petition for injunctive relief, but preliminary injunction, and the issue of the TRO." The district court then stated, "I just simply want today a judgment -- a date to send me the ruling on the merits of the petition for preliminary injunction."

In Moses' motion for appeal, he stated that the district court, in denying a motion for a preliminary injunction, could not dismiss the suit on the merits for a permanent injunction, absent a stipulation. On appeal, Moses contends that the district court erred by deciding the permanent injunction when there was no stipulation between the parties to hear both the preliminary and permanent injunctions. He also asserts that the dilatory exception raising the objections of improper use of summary proceedings and improper cumulation of actions filed by U.S. Bank was evidence of the fact that the parties did not stipulate to hearing the preliminary and permanent injunctions together.

As these hearings were for preliminary injunctive relief, the district court could not deny Moses' request for a permanent injunction at a hearing on a preliminary injunction. See **Zachary Mitigation Area, LLC v. Tangipahoa Parish Council**, 2016-1675 (La. App. 1 Cir. 9/21/17), 231 So.3d 687, 692. Therefore, in accordance with our prior discussion, the district court erred in denying Moses' request for a permanent injunction, and we must vacate that part of the judgment.

Having determined that the March 27, 2023 hearing was for preliminary injunctive relief and vacating that part of the judgment concerning permanent injunctive relief, the judgment for review on appeal only concerns the dissolution

19

of the TRO and the denial of preliminary injunctive relief. In considering Moses' contentions as to the preliminary injunction, that the district court erred in finding that the debt was not extinguished or legally unenforceable, Moses asserts that the district court had to accept the allegations in his reconventional demand and any attachments regarding his transfer of the Property to the Trust as true. He also alleges that a previously-issued TRO protected his authority to act under the provisions of the Trust and that a previously-issued permanent injunction protected his possession of the Property. Additionally, he argues that the Atakapa Indian Tribe has sovereign immunity from suits on contracts.

As to the district court's denial of Moses' request for a preliminary injunction, we find that the district court was correct in refusing to grant a preliminary injunction. The district court's ruling granting or denying a preliminary injunction will not be disturbed on review unless a clear abuse of discretion has been shown. **Moore**, 380 So.3d at 629-30. Even assuming that the Property was transferred to the Trust after the Mortgage was executed, the Trust did not need to be made a party to the proceedings. Louisiana Code of Civil Procedure article 2701 states:

> A mortgage or privilege evidenced by authentic act importing a confession of judgment, affecting property sold by the original debtor or his legal successor to a third person, may be enforced against the property without reference to any sale or alienation to the third person. The executory proceeding may be brought against the original debtor, his surviving spouse in community, heirs, legatees, or legal representative, as the case may be. The third person who then owns and is in possession of the property need not be made a party to the proceeding.

As to Moses' contentions regarding the Note, the Note became bearer paper when Wells Fargo endorsed the note without making it payable to any other person or entity. See La. R.S. 10:3-109, 205(a) and (b).[22]

---

[22] Louisiana Revised Statutes 10:3-109(c) states, in pertinent part: "An instrument payable to an identified person may become payable to bearer if it is indorsed in blank pursuant to R.S. 10:3-205(b)." Louisiana Revised Statutes 10:3-205(b) states: "If an indorsement is made by the holder

Lastly, Moses submits no authority to support his claim that the Trust enjoys sovereign immunity. We note that in federal litigation related to the Trust, the court rejected Moses' independent sovereign assertions, stating, "To be clear, federal courts do not cede their authority to individual citizens invoking the ideology of the Sovereign Citizens Movement. Mr. Moses is not only subject to state and federal laws in general, he is also subject to the rules and regulations governing practicing attorneys." (footnote omitted). **In re: Atakapa Indian de Creole Nation**, 22-539-BAJ-RLB (M.D. La. Oct. 19, 2022), 2022 WL 16839499, *5 (unpublished), report and recommendation adopted, 22-00539-BAJ-RLB (M.D. La. Nov. 8, 2022), 2022 WL 16838786 (unpublished). Moses' contention that the district court erred in dissolving the TRO also has no merit because, as earlier noted, La. C.C.P. art. 2752 forbids the issuance of a TRO in an executory proceeding to arrest the seizure and sale of immovable property. For these reasons, the district court did not abuse its discretion in denying Moses' request for preliminary injunctive relief, and Moses' contentions in his appeal have no merit.

## CONCLUSION

For the foregoing reasons, we deny the writ application filed by Edward Moses, Jr. We vacate that part of the March 30, 2023 judgment that denied Edward Moses, Jr.'s request for a permanent injunction to arrest the seizure and sale of the immovable property. In all other respects, we affirm those parts of the March 30, 2023 judgment denying Edward Moses, Jr.'s request for preliminary injunctive relief and dissolving the temporary restraining order. The case is

---

of an instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." Cf. La. R.S. 10:3-205(a), which states in pertinent part:

> If an indorsement is made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a "special indorsement." When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person.

21

remanded for further proceedings consistent with this opinion. Costs of this appeal shall be shared one-half by U.S. Bank National Association, not in Its Individual Capacity but Solely as Trustee for the RMAC Trust, Series 2018 G-CTT, and one-half by Edward Moses, Jr.

**WRIT DENIED; JUDGMENT VACATED IN PART, AFFIRMED IN PART; REMANDED.**